## Himes et al. v. Kiehl et al., Appellants.

[Marked to be reported.]

*Breach of warranty—Measure of damages—Evidence.*

The measure of damages in an action for a breach of warranty of a steam engine is the difference between the actual value of the engine as it was at the time of the sale and its value if it had been as warranted.   It is error, therefore, to limit the evidence of its value to its value for the purpose for which it was purchased.   Its actual value, no matter for what purpose, would indicate approximately its market value, and that sum, contrasted with its value as warranted, would be the true measure of the plaintiff's damage for the breach of warranty.

*Terms of warranty—Construction—Offer to return.*

Where the warranty was that the engine would give sufficient power or if not the warrantors would take it back, the warrantors, defendants, were entitled to notice and an offer to return before suit against them for a breach of the warranty.

*Res adjudicata—What constitutes.*

The fact that the defects in the engine now set up had been set up on a rule to open judgment entered on a promissory note given for the engine, which rule was discharged, would not estop plaintiffs from now setting up the same defects, if it appeared that plaintiffs had abandoned the rule and paid the claim, under the compulsion of an execution, to prevent a sacrifice of their goods.   But if the rule had been abandoned without such excuse, the mere fact that no depositions were taken or argument made would not prevent the discharge of the rule being an effectual estoppel on the doctrine of res adjudicata.

*Statement sent out to jury—Practice, C. P.*

It is error to allow plaintiffs to send out with the jury a calculation of

their damages, based on the value of the engine as warranted and upon its market value; these values were disputed questions to be determined only by the jury, no one having a right to say in advance that they were definite fixed sums.

*Measure of damages—Failure of court to instruct.*

It is error for the court to fail to make a distinct statement as to what would be the true measure of damages in such a case.

*Dispute as to record—Point and charge.*

Where there is a dispute as to the language of a point, the wording of the point as recited in the charge will be accepted as correct, where it is corroborated by a claim filed in the case.

Argued Oct. 4, 1892.   Appeal, No. 36, Oct. T., 1892, by defendants, Jacob Kiehl and M. L. Hinderliter, from judgment of C. P. Jefferson Co., Sept. T., 1890, No. 266, on verdict for plaintiffs, G. W. Himes and A. J. Himes.   Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for breach of warranty of steam engine.

At the trial before BARR, P. J., plaintiffs' evidence was that when they purchased the engine in exchange for a "horse power" and a $200 note, defendants guaranteed that it would give all the power needed for threshing purposes, if not they would take it back; that the engine failed to give the power guaranteed and that plaintiffs had notified defendants and offered to return the engine.   Defendants' evidence contradicted this in all points.

Plaintiff, G. W. Himes, was allowed to testify, under objection and exception, that the engine was not equal in power to do more than one half of the work it was expected to do—to show the defect in the machinery. [1]

Plaintiff, A. J. Himes, was asked: "Q. How much was it worth for any purpose?   A. I understood you to say what it was worth for the threshing purpose."

"Q. For the practical purpose of running an engine?   A. That is the way I understood the question."

Objected to as not the proper estimate of damages and as incompetent.   Objection overruled and exception. [2]

"Q. How much was it worth for the purpose of running your thresher?   A. Not anything I don't think."

The same witness was asked: "Q. How much would this

engine, as it was, do, as compared with an engine that would drive that thresher to its full capacity, as guaranteed?"

Objected to as incompetent and irrelevant to show the measure of value in this case. Objection overruled and exception. [3]

The witness testified that it would do two thirds less.

A witness for plaintiff was asked: "Q. Did you see him [plaintiff] working with an another engine, a year afterwards?"

Objected to, that he took this engine without any experience, and the next year, after running this engine a year, his experience taught him how, to some extent, to run an engine the next year.

The Court: Especially if it was running the same thresher, I think it would be evidence.

Objected to as incompetent and irrelevant. Objection overruled and exception. [4]

The witness testified that the next year the same engineer ran the same thresher with another engine very well.

Another witness was allowed to testify, under objection and exception, in effect that another engineer, who had no experience, ran the thresher very well with another engine a year after. [5]

Plaintiff, G. W. Himes, was allowed to testify, under objection and exception: "We run that engine we bought from Kiehl and Hinderliter in 1887 and bought one from McDonald, as agent for the Canton Company, in 1888, and used it until 1889, and then sold it to Crow, Hoover & Barrett, and they were inexperienced men; and they took it and went right ahead with it." [6]

A witness for plaintiff was permitted under objection and exception, to testify that "this power wasn't as good as a four horse power." [7]

Plaintiff was permitted, under objection and exception, to send out with the jury the following statement:

| | | |
|---|---|---:|
| "Value of the horse power, . . . . | | $100 00 |
| Difference between actual value and guaranteed value, . . . . . . . | | 150 00 |
| | | $250 00 |
| Interest from August 20th, 1887, . . | | 62 25 |
| Amount, . . . . . | | $312 25" |

The objection to sending out this statement was that this is not a case for a statement, that the measure of damages is "what does the evidence show that the engine was worth when sold," and that is a question for the jury to make up from the evidence, and therefore that a statement would be incompetent.

The court charged the jury as follows:

["This is an action to recover damages on a warranty or guaranty of an engine. It is alleged on the part of the plaintiffs that they purchased from the defendants an engine and that they had guaranteed it to do certain work, and that upon trial it failed to do this work, and that they are now entitled to recover damages for the loss of the actual value of this machine.] [13]

"That is the whole case on the part of the plaintiff.

"The defendants allege on their side that the machine was good. That the machine was sold on a five days trial, and at the end of the five days the plaintiffs accepted it as good, and that any failure thereafter was in consequence of the ignorance and misconduct of the plaintiffs in this case. That is substantially the defendants' claim. They allege also that when this settlement took place they gave their notes and that the notes were paid voluntarily, and that that also ends the case.

["Now have the plaintiffs satisfied you, first, that there was a guaranty, and it is not denied substantially on the part of the defendants but what there was a guaranty in the first instance. Was there a guaranty and was this machine defective? And in consequence of this defect were they injured, and was it the fault of the plaintiffs, or not, that the machine wouldn't work? When you get those questions it is all you have to determine in this case.] [13]

"There are some points, and with our answers to those points will constitute what we have to say on the subject."

Plaintiffs' point was among others as follows:

"That if the jury believe from the evidence that the defendants guaranteed the plaintiffs that the engine would do the required work, by furnishing sufficient power to drive the separator as fast as necessary to do good work, and on the strength of said guaranty they took the engine, giving therefor a horse power and their note for $200, which they paid, and, after a

fair trial, said engine failed to do the work as guaranteed, the plaintiffs would be entitled to recover the difference between the actual value of the engine and its value as guaranteed, and the value of the horse power, with interest from the date of the failure of the engine to perform the work. *Answer :* This point is affirmed. We believe that to be the law if you find the facts as stated. If you find that there was a guaranty on the part of the defendants and that the guaranty continued and that this machine was defective, and that the plaintiffs were bound to sell it for a price less than they paid for it—it being worthless to them—I think they would be entitled to recover the difference in the value, if you find the facts as stated and to be hereafter stated." [8]

Defendants' points were among others as follows :

" 1. That if the jury find from the evidence that at the giving of the notes for the purchase of the engine and interest of the defendants in the separator that they would guarantee that the engine would give sufficient power to run the separator, or that they would take it back, and the plaintiffs, without complaint or offer to return the engine, continued to use it, and afterwards sold it without an offer to return it, that then they cannot recover in this action and their verdict should be for the defendants. *Answer :* This point we refuse. They were not bound to return this machine, and they of course having kept the machine would be bound to allow to the defendants the actual value, instead of the price sold at. They were not bound to rescind the contract, as a matter law, when they discovered the defects in this machine." [9]

" 2. That the evidence in this case, showing that the sale of the engine and the interest of the defendants in the separator and the giving of notes, were all at one time, then they must be considered as one transaction and the jury will have no right to separate them. *Answer :* This point we also refuse, because it is a question for you to determine, as to this contract. There is considerable dispute about it on different views, by different witnesses, as to whether it was one entire contract or whether there were two separate bargains made. That is for you to determine, whether there was two or whether it was one transaction, and as this point only refers to the contract being indivisible we say it is for you ; it is a question for you and not for the court." [10]

"4. That if the jury find from the evidence that the plaintiffs in this action presented their petition to the court of common pleas of Jefferson county, in No. 168, May Term, 1889, to open the judgment in that case, which was entered and confessed on the note given by plaintiffs to defendants in the transaction now in suit, in which petition they set up the same facts upon which they sought to have that judgment opened, and that a rule was granted and the proceeding on said judgment, and a writ of execution issued thereon, and after the stay of said writ the plaintiffs paid the full amount of the claim and the rule to show cause thereon was discharged, then they are estopped from setting up the same matters in this action, and upon which their right to recover is based, and if the jury so find the verdict of the jury should be for the defendants. *Answer:* Now this point is refused, because in this case, although a rule to show cause was granted there was no hearing on it; no depositions taken and no argument was held before the court so far as the records in evidence show, but the record of the court shows that the attorneys appeared and asked the court to discharge the rule, and that in our opinion would not amount to any more than a discontinuance in an ordinary suit would. It is not an adjudication, and the doctrine of res adjudicata would not apply in this case, we believe. If there had been a hearing and a judgment upon that we think it would have ended this case." [11]

Verdict and judgment for plaintiff for $253.87. Defendants appealed.

*Errors assigned* were (1–7) rulings on evidence; (9–11) answers to points, quoting points and answers; (12) allowing statement to go out to jury; (13) in not instructing jury as to correct measure of damages in a case of this kind, quoting charge as above in brackets.

*H. Clay Campbell*, for appellant.—As to measure of damages: Sedgwick, Damages, 291; Seigworth v. Leffel, 76 Pa. 476; Freyman v. Knecht, 78 Pa. 141; Whitaker v. Eastwick, 75 Pa. 229; Cothers v. Keever, 4 Pa. 168.

Mere representations of quality do not constitute warranty: Wetherill v. Neilson, 20 Pa. 448; Whitaker v. Eastwick, 75 Pa. 229.

Erroneous statement of evidence in judge's charge is cause for reversal: Steinbrunner v. Pitts. Ry., 146 Pa. 504.

The case is res adjudicata: Frauenthal's Ap., 100 Pa. 290 ; Given's Ap., 121 Pa. 260.   A breach of warranty may be made either a separate action or set up as defence to consideration of the original contract: Falconer v. Smith, 18 Pa. 130 ; Scott v. Kittanning Coal Co., 89 Pa. 231.   But the adoption of one remedy will bar the other: Gilchrist v. Bale, 8 Watts, 355 ; Rockwell v. Langley, 19 Pa. 502.

The instructions as to measure of damages were erroneous : Gilmore v. Hunt's Adm'r, 66 Pa. 321.

A statement is allowed to go to the jury only when a calculation is necessary: Com. v. Lebo, 13 S. & R. 178.

*W. W. Ames,* with him *G. A. Jenks,* for appellee.—All the evidence submitted was appropriate to some one or more of the issues raised.

The 8th error assigned is based on an erroneous printing of plaintiffs' first point.   The words " and the value of the horse power " should be omitted.   This is the form of the point in the original record.

There was no judgment in the injunction proceedings, simply a discontinuance.

The objection to the statement sent out with the jury was not to its form.   That objection cannot now be raised here : Wollenweber v. Ketterlinus, 17 Pa. 397.

OPINION BY MR. JUSTICE GREEN, January 3, 1893 :

We think the second assignment of error must be sustained. As the measure of damages in this action was the difference between the actual value of the engine as it was, at the time of the sale, and its value if it had been as warranted, it was scarcely competent to limit the inquiry as to what it was worth for the purposes of the plaintiffs.   It might be worth nothing for their purposes, and nevertheless have a fair market value for other purposes.   Its actual market value, no matter for what purpose, would indicate, at least approximately, how much money could have been had for it in the open market, and that sum, contrasted with what would have been its value as warranted, would be the true measure of the plaintiffs' damage : Seigworth v. Leffel, 76 Pa. 476.

We sustain the eighth assignment of error because the charge of the court, filed of record and certified to be the same as printed in appellants' paper book, contains a copy of the plaintiffs' point exactly as it is printed in the eighth assignment, and also because the plaintiffs' statement of claim sent out with the jury, under exception, contained a claim for $100 as the value of the horse power, and its assumed value is added in, as a part of the damages sustained by the plaintiffs. This being so, we feel constrained to accept the printed copy of the plaintiffs' first point, as set out in the eighth assignment of error as correct. The point without the claim for the value of the horse power was entirely right and should have been affirmed, but with that claim in it the affirmance was wrong. The value of the horse power had nothing to do with the true measure of the plaintiffs' damage.

We think the first point of the defendants, in the very terms in which it was propounded, should have been affirmed. It was based upon the proposition that the guaranty in suit was " that the engine would give sufficient power to run the separator, or that they would take it back, and the plaintiffs without complaint or offer to return the engine continued to use it and afterwards sold it without an offer to return it." Of course, if the jury should find that these were the actual facts of the case, the defendants were entitled to notice of the alleged defect, and to an offer to return before suit brought, and therefore the point as presented should have been affirmed.

In reality the plaintiffs contend, and they gave evidence to prove, that they did give repeated notice of the defect of the engine and did offer to return it, but it is no answer to the point to say that the facts were in accordance with their contention. In point of fact one of the plaintiffs, G. W. Himes, testified that the guaranty was practically the same as stated in the point, and hence the plaintiffs cannot say that there was no testimony to support the point. If the court had said to the jury the point was true in the abstract, but the plaintiffs claimed that they had given notice of the defects and had tendered back the engine, and if they found such to be the real facts of the case the point would be inapplicable, then the point would have been correctly answered. The flat refusal of the point we think was error.

The same line of remark is applicable to the answer to the defendants' fourth point. If there were no other facts affecting the subject of the point than those recited in the point, it should have been affirmed. But there were other facts of a most material character which would affect the conclusion of the point, because they showed, as alleged, that the plaintiffs had abandoned their rule to show cause and consented to its discharge, for the reason, that, in the meantime, the sheriff had levied on their goods under the execution issued upon the transferred judgment, had advertised them for sale, had refused to obey the restraining order of the court of common pleas of Jefferson county, and was proceeding to sell the goods, and they were compelled either to pay the judgment debt and costs, or submit to a sale and probable sacrifice of their goods. They preferred the former of these two courses, and paid the debt under the compulsion of the execution. This we think, if found by the jury to be the real state of facts, was sufficient explanation of the matters presented in the fourth point.

The point was refused upon other and as we think insufficient grounds. If the answer had been qualified by presenting the facts above stated, and leaving their determination to the jury with the instruction that, if they found such to be the facts, the conclusion of the point that the plaintiffs were estopped would not be true, the point would have been correctly answered. We think a distinct refusal upon the grounds stated by the court was erroneous, because it included nothing but the fact that no depositions were taken, nor argument held under the rule, and as that would be entirely consistent with an absolute disposal of the rule on its merits for want of testimony, it would not constitute a sufficient response to the final proposition of the point. We sustain the eleventh assignment.

As to the twelfth assignment we are quite clear that it was erroneous to permit the statement submitted by the plaintiff to be sent out with the jury. It contained a claim for $100 as the value of the horse power which, of course, could not be recovered in this action. In addition to that the amount to be allowed for the difference between the market value of the engine as it was, and its value as guaranteed according to the plaintiffs' contention, was altogether a matter of dispute and controversy under the testimony. That difference was not represented

by any fixed sum nor was any calculation of figures necessary to determine it. It was essentially a matter to be determined upon all the evidence and by the jury alone. The plaintiffs had no right to say arbitrarily that it was any fixed sum, and especially they had no right to say that their damage was to be ascertained by adding together the value of the horse power, assumed at \$100, and the amount of the note, \$200, subtracting therefrom the arbitrary sum of \$50 as being the market value of the engine as affected by its defects. The value of the horse power had nothing to do with the case, the amount of the note had only a possible and remote connection with the lawful claim of damage, and the market value of the engine was an entirely disputed question, to be determined only by the jury, no one having a right to say in advance that it was a definite fixed sum. Nor was there any complication about the figures requiring calculation. The difference between the market value and the value as guaranteed, with interest on it from the time of the breach, was all that had to be considered. We sustain the twelfth assignment.

We think the charge is fairly amenable to the criticism contained in the thirteenth assignment. There was no distinct statement as to what would be the true measure of damages anywhere in the charge. There was an approach to it, and in the right direction, in the answer to the plaintiffs' first point. But it is not sufficiently definite, and is mingled with a supposed necessity for the plaintiffs to sell the engine, which is calculated to mislead the jury. We sustain the thirteenth assignment.

The remaining assignments are without merit and are not sustained.

Judgment reversed and new venire awarded.