H. Dutton et al., Trustees, Appellants, *v.* Pyle & Brown.

*Fraudulent misrepresentations—Essentials to establish cause of action.*

In an action of trespass, for alleged fraudulent misrepresentations, the plaintiffs cannot declare for deceit and, failing to establish it, recover on a contract averred to be a part of the machinery of the deceit complained of.

If plaintiffs choose to rest their case solely on an alleged fraud in fact, involving moral turpitude, they should be held to its proof as firmly as if it did not appear that there was an express or implied warranty.

Motion for reargument. Appeal, No. 131, Nov. T., 1896, by plaintiffs, from judgment of C. P. Chester Co., April T., 1894, No. 49, on verdict for defendant. Before RICE, P. J., WICKHAM, ORLADY, SMITH and PORTER, JJ. Reargument refused.

The above case was decided on March 21, 1898 (reported in 7 Pa. Superior Ct. 126), when the judgment of the court below was affirmed.

*W. S. Harris,* for motion for reargument.

*Thomas W. Pierce* and *Alfred P. Reid,* for appellees.

OPINION BY WICKHAM, J., May 17, 1898:

In the opinion heretofore filed, in this case, we incidentally referred to the effect of the statute of frauds on the alleged guarantee. The remark, which was not a necessary part of the reasoning in support of the decision, referred of course to the plaintiffs' rights, in case they had sued in contract. The action, however, is for deceit and fraud, the plaintiffs alleging, in their statement, that they were induced by " the false assertions, guarantee, and fraudulent means " of the defendants to invest their money, and also, quoting from the statement, " that all of said declarations, statements, and warranties were and are false, and that they were made as fraudulent means to induce the plaintiffs to permit them, (the defendants,) to handle and invest their said money, out of which they, (the defendants,) expected to make and did make great gains and

profits. By reason of the premises herein and heretofore set out, the plaintiffs have lost the whole of their money, and they therefore claim to be paid the sum of one thousand dollars as exemplary, as well as compensatory, damages."

The alleged guarantee, as the suit stood, could not be used as a substantive cause of action. It was admissible only. as one of the elements of the deceit charged, and as such we dealt with it. It could not be considered, in any sense, as the basis of the suit. The plaintiffs cannot declare for deceit, and failing to establish it, recover on a contract averred to be a part of the machinery of the deceit complained of. As Mr. Justice TRUNKEY says in Erie City Iron Works v. Barber, 106 Pa. 125, wherein he explains the true scope of the decision in Vanleer v. Earle, 26 Pa. 277, cited in the argument of the present plaintiffs' counsel on the application for a rehearing: "If the plaintiffs have chosen to rest their case solely on an alleged fraud in fact, involving moral turpitude, they should be held to its proof as firmly as if it did not appear that there was an express or implied warranty."

The application for a reargument is refused.