Opinion by
Head, J.,
Had this action been trespass for deceit, the statement would have supported a recovery by the plaintiff because it avers that the representations' as to the quality and power of the engine, on the strength of which it was bought, were not only false in fact, but knowingly and fraudulently so, made for the purpose of deceiving. This scienter is the gist of the action for deceit: Erie City Iron Works v. Barber & Co., 102 Pa. 156. But the action is assumpsit to recover damages by reason of the alleged failure of the engine to measure up to the seller’s representations as to its capacity, which representations, it is claimed, amounted to a warranty. If indeed these representations, construed as the law would construe them, amounted to a warranty that the engine would generate twelve horse power, and there was a breach of that warranty, the mere fact that the statement avers that the representations were not only untrue, but were fraudulently made with intent to deceive, will not prevent a recovery for a breach of warranty in an action of assumpsit: Vanleer v. Earle, 26 Pa. 277; Erie City Iron Works v. Barber, 102 Pa. 156; Dutton v. Pyle, 7 Pa. Superior Ct. 353.
*275 There was evidence from which the jury could find that the plaintiff sought to buy an engine of certain designated capacity, viz.: one that would generate twelve horse power, and that the defendant, who was informed as to the work it was expected to do, represented that he could and would sell him one of that capacity. Following the doctrine laid down by this court in Joseph v. Richardson, 2 Pa. Superior Ct. 208, where the whole subject of warranty in the sale of chattels was elaborately discussed and many authorities were reviewed, we are constrained to hold that such a representation amounted in substance to a warranty that the engine sold and delivered was of the size or capacity specified. And this would be especially true in the light of the testimony delivered by the defendant himself that he was not merely a dealer in secondhand engines, but made “a specialty of repairing and rebuilding gas and gasoline, engines;” that he had built or reconstructed many, and that the particular engine in question had been remodeled or reconstructed by him after he bought and before he sold it to the plaintiff. Assuming, then, the existence of a warranty that the engine was twelve horse power, there was evidence from which the jury could find a breach of it. Without adverting to the testimony on this subject offered by the plaintiff, it seems sufficient to note that the defendant himself practically admits the engine was only ten horse power. Of course he couples that with the further statement that he only represented it as a ten horse power engine, but the verdict has disposed of that issue adversely to his contention.
We must therefore accept the verdict as establishing that there was a warranty and a breach, and the right of the plaintiff to recover could safely rest on these two established facts unless the right was lost or waived by an undue and unreasonable delay in making complaint. Whether or not there was such delay, under the peculiar circumstances of this case, became, we think, a mixed question of law and fact. It was fairly submitted to the jury under proper instructions and, like the other questions previously discussed, was settled by the verdict.
What, then, was the proper measure of the plaintiff’s damages *276 arising from the breach? Upon this point the decisions leave no room for doubt. “The measure of damages in an action for a breach of warranty of a steam engine is the difference between the actual value of the engine as it was at the time of the sale and its value if it had- been as warranted:” Himes v. Kiehl, 154 Pa. 190. In the general charge the court below so instructed the jury. But we can see nothing in the record to indicate that the verdict was, in any sense, responsive to such instruction. The plaintiff offered no direct evidence of the actual value, at the time of sale, of the engine he bought; and certainly presented nothing to show the value, at the same date, of the engine he should have received had the defendant’s warranty been satisfied. He did show that he paid $325 for the engine he got, and that after using it continuously for upwards of a year, he realized from it $175. Unless the jury mistakenly accepted this depreciation in value as the measure of the plaintiff’s damages, we are unable to discover any basis in the evidence on which the verdict could rest. The cause must therefore go back to be retried on the correct measure of damages as declared by the Supreme Court and herein indicated.
If the plaintiff can again satisfy a jury that the defendant warranted the engine to be of twelve horse power; that there was a breach of that warranty; that he honestly and in good faith made complaint as soon as he was reasonably satisfied, under the circumstances, that the engine he got was not the engine he bought, then he will have made out a case. But if he seeks to recover more than nominal damages, he must establish by proof that he has suffered such actual injury as the law recognizes as ground for substantial damages in cases of this character.
Judgment reversed and a venire facias de novo awarded.