# Otis Elevator Co. *v.* Flanders Realty Co., Appellant.

*Contracts—Substantial performance—Question for jury—Building contracts—Imperfections—Set-off — Damages — Measure of damages—Evidence—Instructions to jury.*

1. Where there has been substantial and bona fide performance of an entire contract, but failure in some particulars, not essential to the enjoyment of the part performed, there may be a recovery of the contract price subject to the right of defendant to set-off damages resulting from the breach.

2. Whether an article furnished under a contract is so far perfected as to answer the intended purpose, and is taken possession of and turned to that purpose by the party for whom it is constructed, is a question of fact for the jury.

3. To sustain an averment of substantial performance it is competent for the plaintiff to show not only what kind of a thing was constructed and how it complied in construction and materials with the specifications, but in addition it may be shown that it was accepted by the defendant and was used for and answered the purpose intended.

4. The acceptance of the article by the defendant, if it was not completed in compliance with the terms of the contract, does not preclude a claim for damages by way of set-off as a deduction from the contract price for imperfections and deficiencies in the work.

5. No hard and fast rule as to the measure of damages can be laid down in this class of cases. It must depend upon the facts and circumstances of each particular case, and as applied to machinery, the character and use to which it was intended to be adopted.

6. In an action to recover the contract price of an elevator erected by the plaintiff in the defendant's building, where it appeared that the elevator was constructed substantially as the contract required, was accepted and used by the defendant for several years, and continues to be so used, and answers the purpose for which it was intended, and further that it could not be torn down and taken away without damage to the defendant and great cost to the plaintiff, and it might cost a great deal more to reconstruct or adjust it to agree with the contract than would be warranted by any benefit to be derived from making the alterations, the correct measure of the defendant's damages, to be set off against the plaintiff's claim, is the difference between the

OTIS CO. *v.* FLANDERS REALTY CO., Appellant. 187

1914.]        Syllabus—Assignment of Errors.

value of the elevator as accepted and its value if the contract had been complied with, to wit, the contract price.

7. In such case if the elevator when accepted was substantially completed according to the specifications, but deficient in the sense that it failed to meet all the requirements of the contract in details of construction, the reasonable inference is that the plaintiff accepted it for what it was actually worth at that time.

8. If, after the acceptance of the elevator, the contractor remedied the defects about which complaint was made, there could be no claim by defendant for the defects thus remedied; and if damages are claimed under a covenant of warranty for a stated period, they must relate to faulty construction or material in the elevator as constructed and accepted.

9. In such case failure to definitely instruct as to what would be the true measure of damages is reversible error.

Argued Jan. 12, 1914. Appeal, No. 228, Jan. T., 1913, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June Term, 1909, No. 1926, on verdict for plaintiff in case of Otis Elevator Co. v. Flanders Realty Co. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit to recover a balance alleged to be due on a written contract for the installation of an elevator in defendant's building. Before DAVIS, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,170.80, and judgment thereon. Defendant appealed.

*Errors assigned* were various assignments referred to in the opinion of the Supreme Court.

*Julius C. Levi,* with him *David Mandel, Jr.,* for appellant.

*Elton J. Buckley,* with him *Geiger & Brooks,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 16, 1914:

The burden was on plaintiff to prove substantial performance of the contract in order to sustain a recovery in this action. The contract being entire there must be full or substantial performance before the liability to pay attaches. Where there has been substantial and bona fide performance of an entire contract, but failure to perform in some particulars not essential to the enjoyment of the part performed, there may be a recovery of the contract price, subject to the right of defendant to set-off damages resulting from the breach. This rule has been applied over and over again to controversies of this character in our State. As applied to the facts of the present case the rule was very well stated in the following language by Mr. Justice BELL many years ago: "And, perhaps, it may be asserted, that where a thing is so far perfected as to answer the intended purpose, and it is taken possession of and turned to that purpose by the party for whom it is constructed, no mere imperfection or omission, which does not virtually affect its usefulness, can be interposed to prevent a recovery, subject to a deduction for damages, consequent upon the imperfection complained of": Danville Bridge Co. v. Pomroy, 15 Pa. 151. But even in such a case the question of substantial performance arises and must be determined in the first instance. We do not agree that there can be no recovery here because of failure to substantially perform the contract. This under the evidence was a question of fact for the jury and it was so submitted by the learned trial judge in a fair and impartial charge on this branch of the case. Nor do we agree that it was error to refuse the ten points submitted by defendant at the trial. Each of these points asked for binding instructions and according to our view it would have been error for the trial judge to direct a verdict in favor of defendant. This was clearly a case for the jury whose province it was to determine the matters in controversy between the parties.

There was considerable confusion at the trial as to the proper measure of damages, and as we view the record, this question was not submitted to the jury so as to give them a clear understanding of the rights of the parties under the law. In cases of this character it is most important that the jury be given definite instructions as to the measure of damages to be applied, otherwise they have nothing to guide them in reaching a correct conclusion. The case was tried on different theories by the contending parties with the result that no definite rule was followed in the admission of testimony relating to the question of damages. Some definite rule should have been adopted and followed throughout the trial. The admission of testimony depended upon this question in many instances, and since different rules were adopted in the course of the trial the jury could not have had a clear understanding of the instructions on this point. This was error. Failure to definitely instruct as to what would be the true measure of damages is reversible error: Himes v. Kiehl, 154 Pa. 190.

We cannot undertake to discuss in detail each of the thirty-one assignments of error, and must be content to indicate in a general way our views respecting the questions raised by this appeal. It is apparent, however, that most of the matters about which complaint is made relate directly or indirectly to the question of damages, and hence the necessity of a definite rule as a guide for all concerned in the trial. The admission or rejection of testimony as to the damages must largely depend upon the rule by which they are measured. Two entirely different measures were set up at the trial and this makes it all the more difficult to discuss each of the numerous assignments in which error was alleged in this respect. On the whole we deem it wise to indicate the general principles of law upon which the case should be tried, and then counsel can conduct the trial in accordance therewith. This we will do in the following order:

1. The plaintiff must make out a prima facie case by proving the contract and showing substantial performance in accordance with its terms. In this connection it is competent to show not only what kind of an elevator was constructed, and how it complied in construction and materials with the specifications, but in addition it may be shown that the elevator was accepted by defendant and was used for and answered the purpose intended. All of this goes to the question of substantial performance.

2. The acceptance of the elevator by defendant, if not completed in compliance with the terms of the contract, does not preclude a claim for damages by way of set-off as a deduction from the contract price for imperfections and deficiencies in the work. The party accepting part performance of an entire contract may set off damages in an action brought to recover the contract price: Shaw v. Badger, 12 S. & R. 275; Fessler v. Love, 43 Pa. 313; Monocacy Bridge Company v. Bridge Mfg. Co., 83 Pa. 517.

3. No hard and fast rule as to the measure of damages can be laid down in this class of cases. Much depends upon the facts and circumstances of each particular case, and as applied to machinery, the character and use to which it was intended to be adapted. There is room for difference of opinion as to the proper measure of damages to be applied in the present case, as appears from the course of the trial in the court below, and, indeed, the same may be said of our consideration of the question here. Our cases furnish no decisive answer to the point involved. However, we have concluded upon reflection that under the facts as they appear in this record the true measure of damages is the difference between the actual value of the elevator at the time it was accepted by appellant, and what its value would have been if it had been constructed in exact compliance with the contract and specifications. In Himes v. Kiehl, 154 Pa. 190, above cited, it was held that the measure of

damages in an action for a breach of warranty of a steam engine is the difference between the actual value of the engine as it was at the time of sale and its value if it had been as warranted. Much that was said by Mr. Justice GREEN who wrote the opinion in that case is applicable to the facts of the case at bar. In the present case the elevator was constructed, substantially, as the contract required; it was accepted and used by appellant for several years, and is in use at the present time; and so far as the testimony discloses it answers the purpose for which it was intended. It could not be torn down and taken away without damage to appellant and great cost to appellee. If in some particulars, not essential to its use, it was deficient, it might cost a great deal more to reconstruct or adjust it than would be warranted by any benefit to be derived in making the alterations. When the elevator was accepted after it had been installed and put in operation, and it was found to serve every purpose for which it was constructed, appellant is not in position to demand that the elevator be built over again, or that it be allowed the cost of reconstructing it. If the elevator when accepted was substantially completed according to the specifications, but deficient in the sense that it failed to meet all the requirements of the contract in details of construction, the reasonable inference is that appellant accepted it for what it was actually worth at that time, and if so, it necessarily follows that his damages, if any, would be the difference between the value of the thing he got and the thing he bargained for. There are many cases to which this rule might not apply and in which the measure of damages would be the cost or expense of making the alterations or repairs necessary to conform to the contract, but when this rule is applied, the general rule —the difference between the actual value of the article accepted and its value if constructed according to contract—must be shown to be impracticable and not a fair measure of the damages sustained. As applied to the

facts of the present case the general doctrine announced in the following cases should apply to the question of damages: Weed v. Weinberger, 12 Pa. Superior Ct. 12; Shoe v. Maerky, 35 Pa. Superior Ct. 270; McClintock v. Matlack, 52 Pa. Superior Ct. 266; Himes v. Kiehl, 154 Pa. 190. On the question of damages another matter should be adverted to. If appellee after the acceptance of the elevator by appellant remedied the defects about which complaint was made, there could be no claim of damages for the defects thus remedied. If damages are claimed under the covenant for warranty for the five year period, they must relate to faulty construction or materials in the elevator as constructed and accepted, because appellant is bound by his acceptance to pay what the elevator was worth at that time, and if faulty construction or materials subsequently develop, these defects must necessarily be connected with the elevator which was accepted.

Under the second head of its printed argument, appellant suggests that it should have been permitted to show the difference between the value of the elevator if the contract had been complied with and its value as delivered. If we understand the meaning of this contention, the measure of damages suggested would not only be proper but in accordance with the rule hereinbefore stated. It should be understood, however, that the value of the elevator built according to specifications was its contract price, and the value of the elevator delivered must be fixed at what it was worth when accepted. The difference would measure the damages. When appellant accepted the elevator, it took it as it was at that time and for what it was then worth, and cannot now be heard to say that new pumps should have been added or that additional machinery should have been provided in order to make more effective the parts and machinery installed and accepted. Appellant must stand upon the value of the elevator accepted by it, and if this value was less than the value of the elevator contracted for

there must be affirmative evidence to establish the fact, and the damages which can be claimed as a set-off is the difference in values. Appellant cannot have the property, use and enjoyment of the elevator accepted, and at the same time refuse to pay the value of the thing thus accepted and used. For these reasons we do not see the relevancy of the matters complained of in the assignments of error referred to by counsel for appellant in the printed argument on this branch of the case. Appellant has the right to show in what respects the elevator accepted by it was deficient under the terms of the contract for the purpose of arriving at its value when completed and delivered, but the question for the jury to determine is, What was the value of the elevator as constructed at the time of its acceptance? This value is not to be determined by what it would cost to add another pump or provide additional machinery, but must be fixed upon the basis of the value of the elevator accepted as a whole. What was that elevator worth when it was completed and accepted by appellant? This is the question for the jury under the evidence.

We see no substantial merit in the first, second, third, fourth, fifth, ninth, tenth, eleventh, twelfth, thirteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second and twenty-fourth assignments of error and they are therefore overruled.

We do not undertake to pass specifically upon the merits of each of the remaining assignments of error, as in the state of the record this could not be satisfactorily done, but they are sustained in so far as they are in conflict with the views hereinbefore expressed as to the rules of law which should be applied in the trial of the case.

Judgment reversed and a venire facias de novo awarded.