# Nusbaum *v.* Hartford Fire Insurance Co., Appellant.

*Insurance — Fire insurance — Disablement of plant — Loss of profits—Storage house—Ice manufacturing plant—Case for jury— Measure of damages—Contract — Construction — Doubts how resolved.*

1. Where a policy of fire insurance states that it is to reimburse "for loss of profits and other fixed charges" due to disablement of "power plant and of power machinery," of an ice manufacturing plant, "causing cessation of the operation of the plant," the policy covers a loss of fixed charges by reason of the destruction of an ice storage building although such building contained no power plant or power machinery.

2. In such case, where it appears that there were two storage buildings, defendant cannot assert that there could be no recovery because plaintiff could have stored all the ice in the building which was not destroyed, if there is evidence that, owing to the size and shape of the ice, such storage could not have been effected. That question is for the jury.

3. Where it appears the fire occurred during the winter, and that it was customary for the plaintiff to manufacture and store ice in the winter for use in the summer, the question whether there was a demand for more ice than plaintiff actually manufactured during the period of reconstruction, is for the jury.

4. It is also a question for the jury whether the loss of profits was caused by an increased cost of production and decrease in selling price, and not by the fire.

5. A claim by plaintiff that the corresponding seasons of the year before and after the fire should be compared to arrive at the loss of profits, is successfully met by the fact that ice was produced in the winter months and stored, which was to be sold in the summer; hence the comparison would not be proper.

6. In an action on a fire policy, where the court submits to the jury the respective measures of damages contended for by plaintiff and by defendant, and also a measure of its own based on findings in the testimony, the charge is not open to the objections that the jury was left with no definite rule by which to measure the damages sustained.

7. Doubts in the construction of a policy of insurance, should be resolved in favor of the insured.

*Appeals—Two appeals—Question not raised in first appeal.*

8. Not decided whether a question raised on a second appeal, but not raised at the former one, should be considered.

Argued January 11, 1926. Appeal, No. 19, Jan. T., 1926, by defendant, from judgment of C. P. Delaware Co., June T., 1920, No. 627, on verdict for plaintiff in case of Lee Nusbaum v. Hartford Fire Insurance Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on policy of fire insurance. Before BROOM-ALL, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,029.46. Defendant appealed.

*Errors assigned* were various instructions, quoting record.

*Henry A. Craig* and *Albert L. Moise,* with them *Lutz, Ervin, Reeser & Fronefield,* for appellant.—Plaintiff failed to use his existing storage facilities.

Plaintiff's loss of profits was caused by increased cost of production and decrease in selling price, but not by the fire.

The corresponding season of the year before and after the fire should have been compared.

No definite rule for measure of damages was submitted to the jury.

Even where the recovery of profits is directly contemplated by the terms of a contract it is necessary for plaintiff to prove his damages with reasonable certainty: Wilson v. Wernwag, 217 Pa. 82.

*Albert J. Williams,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, February 1, 1926:

This is an action on a contract of insurance covering loss of profits in plaintiff's business due to fire. The verdict was in plaintiff's favor and defendant appeals. When the case was here before (276 Pa. 526), we reversed the judgment in plaintiff's favor, and sent the case back for another trial because he had erroneously been allowed to testify to certain elements which entered into the loss of "fixed charges" which it was alleged he sustained. It was not urged upon us at that time that defendant was entitled to binding instructions, the main question being that the damages had not been properly proved. Now it is contended that the trial judge should have given binding instructions for defendant because the loss was not caused by one of the risks insured against. Passing the question whether defendant, not having raised this question on its former appeal, should be permitted to raise it now (Hewitt v. Democratic Publishing Co., 271 Pa. 546), we think there is nothing in appellant's contention in this respect. It is based upon a clause in the policy providing, "It is further understood and agreed that it is the intention of this insurance to reimburse the insured for loss of profits and other fixed charges *due to the disablement of power plant and of power machinery, causing cessation of the operation of the plant* (in whole or in part) caused by fire in such building or buildings on the premises." Appellant would limit the loss of profits and other fixed charges to such as are due to the disablement of power plant and power machinery, pointing out that there is no evidence that the storage house which was destroyed by fire contained any power machinery or any machinery whatever used in manufacturing ice, which was plaintiff's business. We think the policy warrants no such narrow reading, As was pointed out in our previous opinion, the main purpose of the insurance was to indemnify plaintiff for his loss of profits during the time the plant was in whole or in part out of use and the language "and

other fixed charges due to the disablement of power plant and of power machinery" implies liability on such account in addition to liability for lost profits.

Appellant's second proposition is that there can be no recovery because plaintiff could have stored all the ice required for his needs in a storage house which was not destroyed, but failed to do so. Plaintiff answers that the ice stored in the two houses was of different widths and it would not have been practicable to put the two sizes of ice cakes in the same storage house, as this would result in an uneven surface and in the breaking of the ice in getting it out. This dispute gives rise, not to a question of law, but one of fact necessarily for the jury's solution. Likewise a jury question is that embodied in the proposition as to whether there was a demand for more ice than plaintiff actually manufactured during the period of reconstruction, which was during the winter time. Appellant as to this entirely overlooks the fact that during the winter, when sales fell off, plaintiff manufactured and stored ice to draw on in the summer, when sales exceeded production.

As to the contention that plaintiff's loss of profits was caused by the increased cost of production and the decrease in selling price, and not by the fire, it is sufficient to say that the argument made in support of it has not convinced us that this question was not properly left by the court to the jury.

Appellant argues that the corresponding seasons of the year before and after the fire should have been compared to arrive at the loss of profits. This might be true provided plaintiff sold the ice as it was produced, but when account is taken of the fact that ice was produced in the winter months and stored, which was sold in the summer, it is difficult to understand how the comparison contended for could be said to be the proper one.

Appellant's final complaint is that the court gave the jury no definite rule by which to measure the damages sustained. On this feature of the case, it calls to our

attention decisions such as Otis Elevator Co. v. Flanders Realty Co., 244 Pa. 186, and Shimer v. Penn Electric Smelting Corporation, 273 Pa. 467, the criticism being that the trial judge permitted the jury to adopt a measure of damages of its own without guidance in the instructions. After reading the entire charge on the subject of damages, we think this criticism not warranted. The court charged as to the measure of damages contended for by plaintiff and that contended for by defendant and also submitted a measure of its own based on figures to be found in the testimony. What the court evidently meant when it said the jury could adopt any system of calculation which commended itself to their good judgment was that they could adopt any of the systems of calculation which he had submitted to them; that this was the understanding of counsel at the time is borne out by the fact that the able advocate who tried the case of defendant in the court below, now elevated to the Bench, quite evidently did not construe the court's language as it is now contended it should be construed, as the wording of his exception indicates.

We have examined each one of the assignments of error and find none of them of sufficient merit to warrant a reversal of the judgment. The case has been tried three times, and if defendant is in difficulties in impressing courts and juries with the strength of its position, this is due to the circumstance pointed out in our former opinion, that the language of its policy is not clear in meaning; this being so, it is met by the rule of law there adverted to that doubts in the construction of the language used by it should be resolved in favor of the insured.

The judgment is affirmed.