## Raymond Brothers Impact Pulverizing Company, Appellant, *v.* Pennsylvania Black Filler & Paint Company.

*Sale—Warranty—Rescission—Remedy—Damages—Measure of damages.*

In an action to recover the price of machinery sold under a warranty, the defendant may give evidence as to the failure of the machinery to meet the warranty, although the contract provided a remedy by rescission by the defendant and a return of the machinery and portion of purchase money paid, if it appears that the defendant had previously declined to avail himself of the remedy by rescission. In such a case the measure of damages is the difference between the value of the machinery warranted and the real value.

Argued March 2, 1910. Appeal, No. 9, Feb. T., 1910, by plaintiff, from judgment of C. P. Lycoming Co., Dec. T., 1908, No. 360, on verdict for plaintiff in case of Raymond Brothers Impact Pulverizing Company v. The Pennsylvania Black Filler & Paint Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover balance alleged to be due for machinery. Before ORMEROD, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $220. Plaintiff appealed.

*Error assigned* among others was in overruling plaintiff's motion for judgment non obstante verdicto.

*M. C. Rhone*, with him *A. R. Jackson*, for appellant.— Where a contract provides a remedy in case of a breach thereof the parties thereto are bound to resort to that remedy: Harrisburg Car Mfg. Co. v. Lochiel Rolling Mill Co., 4 Penny. 186; Bradley v. R. R. Co., 36 Pa. 141.

*W. C. Gilmore,* for appellee.—Appellee contends that rescission, followed by reshipment of machinery, etc., was not its sole remedy: Harrisburg Car Mfg. Co. v. Rolling Mill Co., 4 Penny. 186; Bradley v. R. R. Co., 36 Pa. 141; Seigworth v. Leffel, 76 Pa. 476.

There was sufficient evidence of damages, from breach of the guaranty, properly submitted to the jury, to justify a verdict reducing the claim: Seigworth v. Leffel, 76 Pa. 476; Himes v. Kiehl, 154 Pa. 190.

OPINION BY BEAVER, J., April 28, 1910:

Plaintiff sold to defendant certain machinery for grinding and pulverizing slate for filler. The contract price was $1,750, one-half of which, in accordance with the terms of the contract, was paid when the machinery was received. Five hundred dollars was subsequently paid on account, and there was claimed, in addition to the original purchase price of the machinery, $9.84 for parts which had been furnished. As to the last item there was no dispute and appellant brought suit for the amount of its claim—$384.84. The defendant claimed as a set-off to this balance damages arising, as was claimed, under a warranty contained in the original contract as follows: "When properly erected and operated, we will guarantee the above. plant to grind your black slate, as per sample submitted to the fineness of the sample sent us, at the rate of six hundred (600) pounds per hour; said slate to be reasonably dry and properly crushed for feeding to the mill. . . . In case you so desire, we will furnish you an expert millwright to superintend the erecting and testing of the plant for the sum of five (5) dollars per day, plus his traveling expenses and board from the time he leaves Chicago until his return. Should our expert fail to make the plant work as above guaranteed, within a reasonable time, we will refund purchase money paid; you to place the machinery on board car subject to our order, each releasing the other from all further obligations."

Defendant continued to use the mill, making no effort to rescind the contract, paid $500 on account, while it was in

use, but alleged that the terms of the warranty of the plaintiff that it would grind 600 pounds per hour of the required fineness had not been met.

In a letter written by the defendant to the plaintiff, after specifying the certain errors made by the plaintiff and the failure of the machinery to do the amount of work guaranteed by it to be done per hour, it is said: "Now, if you think you can make us pay the balance due on these grounds, that is your privilege."

After further efforts on the part of the plaintiff and some negotiation, suit was brought, and on the trial the offer was made to show that the terms of the warranty of the plaintiff had not been met.

The plaintiff asked for binding instructions for the full amount of its claim, which were refused, and a verdict having been rendered in favor of the plaintiff for $220, a motion was made for judgment for the full amount non obstante veredicto, which was also refused. These refusals constitute the errors complained of.

The plaintiff now complains that the defendant should not have been allowed to give evidence as to the failure of the machinery to meet the requirements of the warranty of the plaintiff, because there was a special remedy provided in the contract, namely, a rescission by the defendant, a return of the purchase money so far as paid by the plaintiff and the shipment by the defendant of the machinery to the plaintiff. The answer to that seems to us to be very simple. The plaintiff, without demanding a compliance with the terms of the contract, brought suit. Defendant having previously declined to rescind could only secure a reduction in price by showing that the machinery was insufficient to do the work which by the terms of the warranty the plaintiff stipulated could be done.

Seigworth v. Leffel et al., 76 Pa. 476, seems to us to be directly in point. Mr. Justice SHARSWOOD, in delivering the opinion of the court, said: "This was an action instituted in the court below to recover the contract price of three turbine wheels known as 'Leffel's improved turbine wheel.' The defense set up was that the plaintiffs had warranted the

wheels to do more work than a 24-feet overshot, and a breach of the warranty. Of this some evidence was given. It was also testified by witnesses on the part of the defendants, that they had reserved the right to rescind the contract in case the warranty was broken—in the words of the witnesses, that if it did not perform as warranted, the plaintiffs would take the wheels back and refund the money, and pay all expenses and damages. There was no evidence, however, that the right of rescission had ever been exercised. The defendants might have taken the wheels out or given notice to the plaintiffs to take them away. So far from this, it fully appeared that the defendants had continued to use the wheels, without giving any notice of rescission. Under these circumstances, all that the defendants could claim was to set off against the plaintiffs' demand the damages recoverable on breach of the warranty. In such a case the measure of damages is well settled to be the difference between the value of the articles as warranted and the real value or market price: Sedgwick on Damages, 290; Borrekins v. Bevan, 3 Rawle, 23; Stetson v. Croskey, 52 Pa. 230. It was settled in Cothers v. Keever, 4 Pa. 168, that the contract price does not enter into the question as a rule of measurement. In that case, which was an action to recover damages on the warranty of a horse, it was held that the true measure was the difference between the value of the horse, if he had been sound as warranted, and his value in the diseased state. The reason is a conclusive one; if the vendee made a bad bargain, he is not to be reimbursed what he lost by his simplicity as damages for a breach of warranty.

"Here, for example, the price claimed for these improved turbine wheels may have been more than their real value, and the rule as laid down by the learned judge below would have been erroneous, had there been any evidence in the cause of their real value as warranted other than the contract price. In the absence of any such evidence, as against the plaintiffs, the contract price must prima facie be presumed to be the real value, and it is a rule to which the defendants in this case have no right to object."

This case was subsequently referred to with approval in Himes et al. v. Kiehl et al., 154 Pa. 190.

The contract price of the machinery being the prima facie value of it, how much less was it worth to the defendant by reason of the failure to meet the requirements of the plaintiff's warranty? We think the instructions of the court were entirely correct as to this question, that the plaintiff's point, asking for instructions for the full amount of the balance, was properly refused and the motion for judgment non obstante veredicto for the whole amount of the claim instead of the amount awarded by the jury in their verdict, was also properly refused.

Judgment affirmed.