# Noble, Appellant, *v.* Erwin.

*Contract—Sale—Kind of goods—Quality.*

1. In an action to recover the price of goods sold and delivered, where there is evidence that there were three kinds or classes of the goods in question, and that the goods delivered were of the kind or class ordered, although of an inferior quality, and it appears that the purchaser retained the goods, a verdict and judgment in favor of the vendor for the contract price will be sustained. In such a case if the purchaser is dissatisfied with the quality he may return the goods after a reasonable time for inspection; but if he retains them he must pay the contract price. But if they were not of the kind ordered but of a kind less valuable, he is liable only for what they were worth.

*Practice, C. P.—Pleadings—Rule of court.*

2. Where in an action of assumpsit the pleadings consisted of a

statement, answer and replication in accordance with a rule of court then in force, but afterwards and before the case is tried, a new rule is adopted providing for the filing of a plea in accordance with the Act of May 25, 1887, P. L. 271, and the case is tried on its merits without the filing of such a plea, the plaintiff cannot thereafter claim that a verdict and judgment against him should be set aside because no plea was filed in accordance with a rule of court.

Argued Dec. 2, 1911.  Appeal, No. 63, Oct. T., 1911, by plaintiff, from judgment of C. P. Northampton Co., July T., 1909, No. 8, on verdict for defendant in case of W. K. Noble, doing business under the name of The Wayne Hoop Company, v. Henry Erwin, William Erwin and Harry Erwin, copartners trading as Henry Erwin & Sons. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.  Before SCOTT, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for the defendants.  Plaintiff appealed.

*Errors assigned* among others were in permitting the case to be tried without a plea filed, and in refusing binding instructions for plaintiff.

*Robert S. Siegel* and *Harry C. Cope*, for appellant.

*John D. Hoffman*, for appellees.

OPINION BY RICE, P. J., April 23, 1912:

This was an action to recover the price of goods sold and delivered.  The correspondence showed that defendants ordered of plaintiff a quantity of "strictly first class coiled elm hoops—the best it is possible to get" and that the plaintiff agreed to furnish, "nice, bright No. 1 stock."  There was ample evidence (1) that there are three distinct classes of hoops known to the trade, namely,

"No. 1, No. 2, and junk," and that these three classes differ in kind, not merely in quality or goodness; (2) that the hoops delivered were of the kind known as junk; and (3) that the defendants had paid to the plaintiff the full value of the kind of hoops delivered. The learned trial judge in a clear, adequate and impartial charge submitted the determination of the three questions of fact rising out of this evidence to the jury with the instruction that if they determined all of them in the defendants' favor, a complete defense was made out, but if they found that the hoops delivered to and retained by the defendants were of the kind ordered they were liable for the stipulated price, even though they were of inferior quality. This idea was conveyed in the instructions contained in the fifth assignment of error and in other portions of the charge. Thus, the learned judge said: "Now, it is the law that when a person orders personal property, goods of a certain kind which he does not see and which must be ordered by description, there is an implied warranty upon the part of the seller that they shall be, and will be of that same kind. There is no warranty as to the quality of the same kind, and I will explain what I mean by that in a moment. As there is no implied warranty as to quality, when the goods are received, if they are the kind that were ordered and they are of inferior quality, the purchaser has the right to a reasonable time for inspection and if he is not satisfied, that is, if they are not of the grade that was ordered, he may elect to return them, refuse to receive them, or he may keep them; and if he keeps them, if they were the kind that were ordered, although of an inferior quality, he affirms the contract to such an extent that he is bound to pay for them the contract price, notwithstanding they are of inferior quality, because by his keeping them and not returning them, thus using them, he affirms the contract. So you will perceive in this case, under this exposition of the rule of law, that if the hoops that were furnished to this defendant were of the kind that he ordered, as he has kept them and not returned

them, it does not make any difference how poor in quality they were of that kind, he must keep them and he must pay the full contract price, and this plaintiff would be entitled to recover the full balance that remains due, with interest, upon that contract." The verdict implies a finding by the jury of the three facts above alluded to, and the instructions as to the law applicable to such a state of facts were clearly right under our decision in the recent case of Armstrong v. Descalzi, 48 Pa. Superior Ct. 171, and the authorities there cited. The contention that the correspondence and the defendants' answer to the plaintiff's statement show that the defendants waived the objection that the hoops were not of the kind ordered we find not to be sustained.

It is claimed that there was a mistrial because no plea had been filed. The pleadings consisted of a statement, answer and replication, and this mode of putting the cause at issue seems to have been in accordance with a rule of the court below in force when they were filed. But afterwards, and before the case was tried, a new rule was adopted which provides that no cause shall be deemed at issue or placed upon the trial unless the defendant has filed the appropriate plea to the pending action as provided by the act of May 25, 1887, P. L. 271. No plea was filed but as no objection was raised by the plaintiff to going to trial without it, he is not in a position to raise it for the first time after he had had a trial on the merits, and verdict and judgment went against him: Barker v. McCreary, 66 Pa. 162. The Act of March 14, 1872, P. L. 25, provides for just such a case. If necessary we might presume in furtherance of justice that the court below had exercised the power there given to permit a plea to be filed so as to make the proceedings and record conform to what was tried by the jury and found by the verdict: Jones v. Freyer, 3 W. N. C. 365. But as the court has allowed the record so to be amended it is unnecessary to resort to any presumption.

The assignments of error are overruled and the judgment is affirmed.