# Jones *v.* Carrigan, Appellant.

*Affidavit of defense—Sale—Delivery.*

In an action to recover the price of ninety tons of salt alleged to have been sold and delivered, an affidavit of defense is sufficient to prevent a summary judgment for the whole claim, which distinctly and specifically denies the delivery of ninety tons of salt although admitting the delivery and acceptance of eighty-five tons.

Argued Dec. 15, 1914.    Appeal, No. 269, Oct. T., 1914, by defendant, from order of C. P., No. 3, Phila. Co., June T., 1914, No. 2,953, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William H. Jones, Trustee, v. Thomas J. Carrigan, trading as The Somer Salt Company.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*R. H. Locke,* for appellant.

*Edward P. Kirby,* for appellee, filed no printed brief.

OPINION BY ORLADY, J., February 24, 1915:

The plaintiff brought suit to recover a balance alleged to be due on three shipments of salt, as specified in an exhibit attached to his statement. On a rule for judgment for want of a sufficient affidavit of defense the court entered a judgment for the amount claimed to be due. In the original and supplemental affidavit of defense, which are to be taken together, there was a distinct and specific denial of the delivery of the ninety tons of salt, and an admission of delivery and acceptance of eighty-five tons only. The other averment may be considered as not conclusive, but as to this one we have the fact of shortage of weight so specifically averred as to not warrant the court in entering a summary judgment for the whole claim, and to this extent the judgment should be reversed. A later rule was entered for judgment for the amount as to which the affidavit is insufficient, and this, from the record, does not appear to have been disposed of. As this appeal is presented we consider only the general rule, and on authority of Armstrong v. Descalzi, 48 Pa. Superior Ct. 171, and authorities therein cited; and Noble v. Erwin, 50 Pa. Superior Ct. 72.

The judgment is reversed, with a procedendo.