# Luella Coal & Coke Company *v.* Gano, Appellant.

*Contract—Sale of goods—Opportunity to inspect—Acceptance of goods.*

Where a purchaser of coal, after having had a chance to inspect it, and knowing that it is of inferior quality to that which the contract called for, pays freight, demurrage and switching charges and removes the coal from the cars, and resells it at a

lower price, he cannot in an action against him for the price of the coal set off the charges which he had paid, and the loss on the resale. He is liable for the whole contract price.

Where in such a case a rule is taken for judgment for want of a sufficient affidavit of defense, the court cannot make absolute the rule where the affidavit of defense, although defective as to the claims set off, avers that the defendants sent to plaintiff their check "drawn to the plaintiff's order for $25.31 which the plaintiff received and still retains, being the entire amount due the plaintiff at that time."

Argued Dec. 15, 1914.   Appeal, No. 270, Oct. T., 1914, by defendant, from order of C. P. No. 5, Philadelphia Co., June T., 1914, No. 4498, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Luella Coal & Coke Company v. Gano, Moore & Company.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Reversed.

Assumpsit for coal sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material portions of the affidavit of defense were as follows:

Defendant avers that instead of shipping Luella slack coal as called for in the contract and in the said order, "Exhibit F," the plaintiff on the thirtieth and thirty-first days of March, 1914, shipped seven cars containing coal of an inferior quality and character containing a large amount of foreign matter. The said cars all contained a large amount of rubbish, rock, slate and other foreign matter, and with the exception of one, to wit, B. & O. car No. 141,827, containing 109,600 pounds shipped on March 31, 1914, were absolutely unmerchantable and unsalable and when they arrived at their destination at Cleveland, Ohio, were rejected by the Goff-Kirby Coal Company, the party to whom the defendant had sold the same, on account of the quality. When the coal reached Cleveland, Ohio, it was subject to

the payment of freight and other charges thereon, which
were chargeable against the defendant and as the cars
stood on the tracks it was becoming chargeable with ad-
ditional demurrage, and the defendant, after notifying
the plaintiff of the quality of the coal and its rejection,
and after ample time had elapsed for the plaintiff to
have taken the coal away and plaintiff had failed to take
the same away and pay the freight and other charges
thereon or make disposition of the same, the defendant,
to avoid loss of any further amount by reason of de-
murrage and freight which were chargeable against it
as aforesaid, was obliged to take the coal away and sell
it to C. L. Ayers Coal Company at Lorain, Ohio, for the
best price obtainable, which was the sum of fifty cents
(50 cents) per net ton, being twenty cents (20 cents) per
net ton less than the amount which defendant had agreed
to pay the plaintiff for the same, and defendant avers
that the sum which it agreed to pay the plaintiff for the
same, to wit, seventy cents (70 cents) per net ton f. o. b.
mines at Philippi, West Virginia, was less than the
usual market price at the said time and place, and de-
fendant further avers that in order to have the coal
delivered to the said C. L. Ayers Coal Company at Lo-
rain, Ohio, it was necessary to pay and defendant did
pay switching charges on the said six cars of $71.53
and demurrage on the said six cars of $59; all of which
amounts were lost wholly by the fact that the plaintiff
did not ship coal of the kind, quality and character or-
dered and agreed to be shipped by it, but shipped an un-
merchantable substance, consisting largely of rubbish,
rocks, slate and other unsalable foreign matter, as afore-
said, by reason of which facts defendant lost the sum of
twenty cents (20 cents) per net ton on six cars of the
said coal, containing 572,200 pounds, amounting to the
sum of $57.22, and was obliged to pay switching charges
thereon as aforesaid, of $71.53, and demurrage of $59,
making a total of $187.75, and leaving a balance due the
plaintiff of $25.31, which defendant paid to the plaintiff

on July 7, 1914.   Defendant admits that before the entire ten cars had been shipped it had cancelled the remaining portion of the order by reason of the quality of the coal aforesaid.......

4. Defendant avers that on or about the seventh day of July, 1914, it sent to the plaintiff its check drawn to the plaintiff's order for $25.31, which the plaintiff received and still retains, being the entire amount due the plaintiff at that time.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*C. W. Vanartsdalen,* with him *W. H. Ramsay,* for appellant.—A court cannot make absolute a rule for judgment for want of a sufficient affidavit of defense for the full amount of the claim when a good defense is stated to any part of the claim: Wolf v. Heineman, 50 P. L. J. 139; and a tender of a check is a good tender if no objection is made on this ground at the time of the tender: Douglas v. Hustead, 216 Pa. 292; Pershing v. Feinberg, 203 Pa. 144; Shaffer v. Coldren, 237 Pa. 77.   A rule for judgment cannot be made absolute where the affidavit alleges a breach and sets up facts which show a right to recover or set off damages, even although the measure of damages as set forth in the affidavit may not be the correct one: Ludington v. North, 141 Pa. 184.

Where one party commits a breach of contract, the measure of damages for such breach is the loss which the other party may have suffered or the expense which might in the ordinary course of things be expected to follow a breach of contract: Billmeyer v. Wagner, 91 Pa. 92; Hutchinson v. Snider, 137 Pa. 1; Dixon-Woods Co. v. Phillips Glass Co., 169 Pa. 167.

*Edward P. Kirby,* of *Morris & Kirby,* for appellee.— The appellant was bound upon ascertaining any defect

in quality to promptly reject the shipment. Having retained it creates a liability for the contract price: Spieggelberg v. Karr, 24 Pa. Superior Ct. 339; Baltimore Brick Co. v. Coyle, 18 Pa. Superior Ct. 186.

The measure of damages in proper cases of acceptance of merchandise by the purchaser, is the difference between the contract price and the value of the goods delivered: Reynolds v. Ramsey, 56 Pa. Superior Ct. 97; Estes v. Kauffman, 44 Pa. Superior Ct. 114; Armstrong v. Descalzi, 48 Pa. Superior Ct. 171.

OPINION BY KEPHART, J., October 11, 1915:

This was an action brought to recover the price of slack coal sold to the defendant. The affidavit of defense averred that the coal was of "inferior quality and character containing a large amount of foreign matter," such as "rubbish, rock, slate," etc. When the coal reached its destination, Cleveland, it was rejected by the defendant, and the plaintiff was thereupon notified. To prevent demurrage and reduce the plaintiff's loss, defendant paid the freight and demurrage and sold the coal to a company in Lorain, Ohio, "for the best price obtainable," being twenty cents per net ton less than the price agreed to be paid to the plaintiff. It was necessary to pay a switching charge of $71.53, and the demurrage above referred to of $59, which, with the loss per ton, and $25.31 in addition, settled the account in full. The court below held the affidavit insufficient. Had the defendant stood upon its rejection of the coal, it would have been clearly within its legal right. It did not buy the coal sent and would not have been compelled to have received it or become liable in any manner therefor. Even if it was liable for the freight charges, this was no lien on the coal. This is true of the charge for demurrage. Defendant could not become subrogated to the rights of the railroad company as a lien creditor in this respect. The defendant took the coal and exhibited acts of ownership of it. Its subsequent disposition of it

was at its own risk.   It is admitted that when the coal was accepted defendant knew it was of inferior quality. When a vendee of a certain kind or class of goods has an opportunity to inspect them before acceptance, and after such inspection, knowing their inferior quality, takes the goods and disposes of them, he will be liable for the contract price: Noble v. Erwin, 50 Pa. Superior Ct. 72; Armstrong v. Descalzi, 48 Pa. Superior Ct. 171; Estes v. Kauffman, 44 Pa. Superior Ct. 114.   Under this latter case the claim for freight was held improper and is authority for so holding the claim for demurrage.

The opinion of the lower court does not consider the averment in the affidavit of defense with respect to the receipt of the check for $25.31, which the plaintiff still retains.   We have nothing on the record to show that it was returned or that some agreement had been made concerning it between the parties or their counsel.   The plaintiff claims there was, but the defendant argued, both orally and in its printed brief, that the receipt and retention of the check would prevent summary judgment.   Under the rules taken by appellee this would, in our opinion, be sufficient to prevent such judgment. Plaintiff cannot keep the check and sue for the full amount of the claim.   It should act in a manner consistent with the tender of the check, and if tendered in full it should have been returned.   The affidavit does not contain a positive statement that the check was given and accepted as being in full payment of a disputed account, though the appellant claims it was so intended. The averment "being the entire amount due" is a legal conclusion.   It would be necessary to enlarge the affidavit of defense to give it the meaning contended for by the appellant.   "Where money (a check) is sent by a debtor to a creditor to apply on a disputed claim, with notice that it is to be in full settlement of a larger demand, the debtor will be discharged if the creditor receive the money: Washington Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin,

7 Pa. Superior Ct. 568"; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87.   The defendant had the right to stipulate the conditions on which the check was sent and it would be a good tender unless objections were made at the time it was presented on the ground of it being a check.   The affidavit is not clear enough on this point.   The averment is, however, sufficient to prevent a summary judgment for the full amount of the claim or for any amount as asked for in the rule taken by the appellee.

The judgment is reversed and a procedendo awarded.