## Samuel v. Delaware River Steel Company, Appellant.

*Contract—Sale warranty—Acceptance of goods not ordered—Measure of damages.*

The acceptance of goods not ordered without protest or complaint will not estop the vendee from setting up the breach of the implied warranty when sued for the contract price of the chattel ordered. Where there is a warranty, as there must be of the kind ordered, redelivery or an attempted redelivery of the goods not ordered is not necessary to sustain the vendee's claim for breach of the implied warranty. The vendee may accept these articles and, if the contract price has been paid, sue on his warranty, or he may rescind his contract by returning the goods.

The measure of damages for breach of warranty where the contract price has been paid will be the difference between the value of the article delivered and the value of the commodity sold at the

time of delivery. When the goods are not paid for, recovery can be had only for their market value at the time of delivery.

Where in an action for goods sold and delivered, it appears that the defendant purchased by description roll scale, a by-product of a rolling mill, but that the plaintiff delivered mill cinder, which is a commodity different in substance and value from roll scale, and that this was received and used without complaint or offer to return, the defendant can only be held for the market value of the mill cinder delivered.

Argued Nov. 20, 1917. Appeal, No. 4, Oct. T., 1917, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1915, No. 63, on verdict for plaintiff in case of Frank Samuel et al., trading as Frank Samuel, v. Delaware River Steel Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for goods sold and delivered. Before BROOMALL, J.

At the trial it appeared that the defendant purchased by description, roll scale, a by-product of a rolling mill, but that the plaintiff delivered mill cinder, which is a commodity different in substance and value from roll scale, and that this was received and used without complaint or offer to return. The court charged in part as follows:

[If you should determine that it was not roll scale, that it was mill cinder, still the defendant is not entitled to your verdict yet. When the defendant discovered that this commodity was not roll scale, whereas they had bought roll scale and that commodity was not delivered to them, and if they discovered it before they used it, then it was their duty to offer to return it; because they had no right to take and pay for it according to some other standard, according to what it was worth or some other standard or measure of price. In other words, where a person sells a thing to a buyer, seeing that this is a commodity of a certain quality, and he sends it, the seller sends it as a commodity which he represents to be

of a certain quality to the buyer, and he receives it, and he sees that it isn't the quality which he bought, he has a right to say "I won't take it." That is all. If he takes it he must pay for it according to the bargain. But if he sees that it isn't according to the quality he has a right to rescind the contract of sale, repudiate, in other words, the contract of sale and say "I won't take it." If he don't take it then still the commodity belongs to the plaintiff so that he may have the reasonable right of selling it wherever he chooses. He may turn around and sell it at the same price that he sold it before, or more, or the price may have gone up or gone down. In other words, where the buyer finds that the thing is not according to the representations which the seller makes, then he has a right to say "I won't take it," repudiate the purchase and the commodity belongs then to the seller to do what he chooses with it.]    (4)  [So that I say, if you find that this was mill cinders, the defendant is not entitled to your verdict unless you are satisfied that it was not practicable, that in the purchase of this commodity it was not practicable, not practicable, as well as practical, not practicable for the defendant to return it. If the defendant used it he must pay for it, unless, not being according to representations he offered to return it, if it was practicable.]    (5) Of course, there are some sales where that is impracticable, where the buyer can only know whether the commodity is up to purchase—up to representations by using it, he only discovered it in the use. In such case he isn't committed by using it, and then he must pay for it according to what it is reasonably worth. Some commodities are sold upon the representation that they produce a certain or certain results in the use. In such a sale, of course, the buyer can only know whether the thing is up to representation by using it and seeing whether it produces the effects which it is represented to do. [So that if you determine this second question of fact, if you determine that it was practicable for the defendant, when he discovered this was mill cinders and not roll scale, if

that be a fact, when he discovered that, if it was practicable to return it then he must pay the $68.47.] (6) If in your judgment it was not practicable to return it, then he must pay what it was reasonably worth.

Verdict and judgment for plaintiffs for $64.78. Defendant appealed.

*Errors assigned,* among others were (5, 6) portions of opinion as above quoting them.

*William I. Schaffer,* with him *E. Wallace Chadwick,* for appellant.—What the defendant in this case undertook to do was to stand upon the contract, assert the vendor's fault, and claim its damage for its breach as a setoff against the contract price. The court, by its charge, denied it this alternative, although it would seem, viewing the case in its simplicity as a contract action, that the second is the more clearly justified, just as it is the more simple course for the parties to pursue. Indeed, the Sales Act of 1915, declarative of existing laws, contains the proposition by expression:

"Section 69, where there is a breach of warranty by the seller, the buyer may, at his election:

"(a) Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price." Act of 19 May, 1915, P. L. 543.

The cases are with the appellant in the proposition: Whitehall Mfg. Co. v. Wise, 119 Pa. 484; Borrekins v. Bevan, 3 Rawle 23; Seigworth v. Leffel, 76 Pa. 476; Standard Automobile Co. v. Thurston, 54 Pa. Superior Ct. 160; Erringer v. Miller, 3 Philadelphia 344; Jones & Laughlin Steel Co. v. Wood, 249 Pa. 423.

*Lewis Lawrence Smith,* for appellees.—Acceptance after inspection concluded the defendant: Edward v. Hathway, 1 Philadelphia 547; Indiana Mfg. Co. v. Hayes, 155 Pa. 160; Burke Elec. Co. v. Penna. L. & P.

Co., 61 Pa. Superior Ct. 374; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Shisler v. Baxter, 109 Pa. 443.

OPINION BY KEPHART, J., July 10, 1918:

The appellant purchased by description from the appellees roll scale, a by-product of a rolling mill, to be delivered at its mill in Chester, Pennsylvania. The appellees shipped mill cinder, which is a commodity different in substance and value from roll scale. It was received and used without complaint or offer to return. The appellees brought this action to recover the price of roll scale, while the appellant contends it is liable only for the value of mill cinder. The court below held that there could be a recovery on the contract price for roll scale, though mill cinder had been received. The shipment was by car load, consigned to the vendee and delivery made in its yard. The defendant, before trial, paid for the mill cinder at its market value and the judgment was for the difference between that value and the contract price of roll scale. The learned judge of the court below says: "Roll scale (as compared with mill cinder) is a distinct kind or species of property and if nothing more appeared, there was an implied warranty, that the commodity delivered was in fact roll scale, and the defendant had the legal right to receive and use the commodity delivered, and hold the plaintiffs liable upon their implied warranty." But the court fell into error when it affirmed, as a proposition of law, that where the vendee receives an article of a different kind from that ordered and without an effort to redeliver, or, where the vendee, without protest or complaint, accepts and uses the article, he thereby waives the warranty, or treats the warranty as performed and is liable on the contract price.

There is always an implied warranty in the sale of a chattel by description or sample that the article shall be of the kind ordered or purchased: Borrekins v. Bevan and Porter, 3 Rawle 23; Selser v. Roberts, 105 Pa. 242.

The vendor does not impliedly warrant the quality of the particular kind: Whitaker v. Eastwick, 75 Pa. 229; Warren v. Philadelphia Coal Co., 83 Pa. 437; Joseph v. Richardson, 2 Pa. Superior Ct. 208. If the vendee wishes the warranty to cover the quality of the chattel purchased he must provide for it in his contract. Where chattels of a certain kind are purchased and the vendee has an opportunity to inspect them before acceptance, and after such inspection, knowing the inferior quality of the kind sold, accepts and uses the goods, he will be liable for the contract price: Luella Coal & Coke Co. v. Gano, 61 Pa. Superior Ct. 37; Noble v. Erwin, 50 Pa. Superior Ct. 72; Warren v. Philadelphia Coal Co., supra; Whitaker v. Eastwick, supra; Fogel v. Brubaker, 122 Pa. 7; Joseph v. Richardson, supra.

It was first held in Borrekins v. Bevan and Porter, supra, "In all sales (certain exceptions noted) there is an implied warranty, that the article corresponds in specie with the commodity sold." This doctrine has since been substantially adhered to in a number of cases. Our former president judge collects many of the authorities in Joseph v. Richardson, supra. There a dealer had contracted to sell first-class, A-No. 1 iron relaying rails. The judge says: "Certainly the contract under consideration would not have been complied with by a delivery of wooden rails or of iron rails that could not be relaid . . . . . .the thing contracted for. . . . . . (were) 'first-class, A-No. 1' (relaying rails). It was that kind of rails that the plaintiff undertook to deliver and the defendant to pay for." This was later followed by an opinion by the same judge in Armstrong v. Descalzi, 48 Pa. Superior Ct. 171, where a warranty appeared from the correspondence. It was held that the jury was to determine whether the fruit received and used was of the kind or class ordered, and if it were not of the class ordered, the vendors were liable for a breach of the warranty.

As it affects the question under consideration, there is no difference in legal effect between an implied war-

ranty and an express warranty: Borrekins v. Bevan and
Porter, supra.   The acceptance of goods not ordered
without protest or complaint will not estop the vendee
from setting up the breach of the implied warranty
when sued for the contract price of the chattel ordered.
Where there is a warranty, as there must be of the kind
ordered, redelivery or an attempted redelivery of the goods
not ordered is not necessary to sustain the vendee's claim
for breach of the implied warranty.   The vendee may
accept these articles and, if the contract price has been
paid, sue on his warranty, or he may rescind his contract
by returning the goods: Borrekins v. Bevan and Porter,
supra; Joseph v. Richardson, supra; Armstrong v. Des-
calzi, supra; Holloway v. Jacoby, 120 Pa. 583; Pyott v.
Baltz, 38 Pa. Superior Ct. 608; Selser v. Roberts, supra.
The measure of damages for breach of warranty where
the contract price has been paid will be the difference be-
tween the value of the article delivered and the value of
the commodity sold at the time of delivery: Borrekins v.
Bevan and Porter, supra; Shoe v. Maerky, 35 Pa. Su-
perior Ct. 270; Himes et al. v. Kiehl et al., 154 Pa. 190;
Miller Lock Co. v. Diehl Mfg. Co., 37 Pa. Superior Ct.
585; Raymond Bros. Co. v. Penna. Black Filler & P. Co.,
42 Pa. Superior Ct. 601; Reynolds v. Ramsey, 56 Pa. Su-
perior Ct. 97; Otis Elevator Co. v. Flanders Realty Co.,
244 Pa. 186-190.   When the goods are not paid for, re-
covery can be had only for their market value at the time
of delivery.

The judgment of the court below is reversed and the
record is remitted with directions to enter judgment on
the defendant's motion for judgment n. o. v.