## Slattery *v.* Carroll, Appellant.

*Contract—Sales—Inspection—Carload of coal—Warranty.*

Where a householder purchases a carload of coal f. o. b. at the mines, she is not bound to exercise her right of inspection at the siding of destination, before she attempts to remove the coal to her home. If she tries the coal at her home and promptly notifies the seller of her dissatisfaction with it, she may in an action against her for the price, show that the coal would not burn and could not be used as coal.

While it is true that the vendor does not impliedly warrant the quality of the particular kind of a chattel or merchandise purchased, there is an implied warranty in all such sales that the vendee shall have the right to inspect before acceptance, and when after such inspection, knowing the inferior quality of the goods sold, he accepts and uses the goods, he will be liable for the contract price.

In the sale of a chattel by description or sample, there is always an implied warranty that the article shall be of the kind ordered or purchased.

Submitted Oct. 11, 1918. Appeal, No. 120, Oct. T., 1918, by defendant, from judgment of Municipal Ct., Philadelphia Co., Dec. T., 1917, No. 522, on verdict for plaintiff in case of Thomas Slattery, trading as Slattery Brothers, v. Jane Carroll. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for a car of coal sold and delivered. Before KNOWLES, J.

At the trial the court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $133.71. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*J. Frederick Martin,* for appellant, cited: Fogel v. Brubaker, 122 Pa. 7.

*Thomas H. McCaffrey,* for appellee, cited: Wetherill
v. Neilson, 20 Pa. 448; Lord v. Grow, 39 Pa. 88; Whit-
aker v. Eastwick, 75 Pa. 229; Shisler v. Baxter, 109 Pa.
443; Noble v. Erwin, 50 Pa. Superior Ct. 72; Estes v.
Kauffman, 44 Pa. Superior Ct. 114; Tete Bros. v. Eshler,
11 Pa. Superior Ct. 224; Luella Coal & Coke Co. v. Gano,
61 Pa. Superior Ct. 37.

OPINION BY KEPHART, J., January 3, 1919:

The appellant purchased from the appellee a carload
of anthracite egg coal.  At the trial she endeavored to
show that the coal received would not burn and could
not be used as coal.  She admitted it was received on the
car at Darby and she engaged a man to haul the coal to
her residence.  The court below held that her right of
inspection began when the coal arrived on the siding
and that she must exercise this right before she at-
tempted to remove the coal to her home.  If it was so
removed and it afterwards turned out the coal was not
merchantable coal, or, in fact, not coal as that term is
known, she would be compelled to pay the contract price.
The coal was ordered f. o. b. cars at the mine and the
appellant was required to pay the freight charges before
it could be delivered.  She could only determine whether
the coal could be used when it was tested.  She was not
shown to be an expert and like many other persons de-
pended for her knowledge as to whether the article was
coal, slate, "boney," or some other substance on the
results obtained when it was used for the purpose pur-
chased.  It was tried on two days in her furnace and
would not burn.  She afterwards mixed it with other
coal purchased to take the place of this coal, with no
better result.  She promptly notified the appellee of this
condition.  He replied that it was too bad.  The court
below erred in applying the rule of law as to the duty of
inspection.  It gives to the vendee, purchasing by de-
scription, the right to determine within a reasonable
time, in the mode ordinarily used, whether the goods

delivered were in quality the goods purchased.  ˙When he once knows of the inferior quality, or has had reasonable opportunity to know, he must either promptly notify the vendor and return the goods, or place them where the vendor may take them away, or be liable on the contract.  This the appellant did.  While it is true that the vendor does not impliedly warrant the quality of the particular kind of a chattel or merchandise purchased, there is an implied warranty in all such sales that the vendee shall have the right to inspect before acceptance, and when after such inspection, knowing the inferior quality of the goods sold, he accepts and uses the goods, he will be liable for the contract price: Luella Coal & Coke Co. v. Gano, 61 Pa. Superior Ct. 37; Samuel et al. v. Delaware River Steel Co., 69 Pa. Superior Ct. 605.  In this case the appellant had not exercised her right of inspection.

Furthermore, in the sale of a chattel by description or sample, there is always an implied warranty that the article shall be of the kind ordered or purchased.  It is apparent from the testimony of the appellant that the case goes beyond one of the quality and makes it one of kind.  What was ordered was coal that would burn; this she did not get.  That she used a little part of it in testing would not affect the result.  She got no benefit from such use.

The court was in error in refusing to admit the evidence complained of in the first and second assignments of error and was in error in its charge to the jury, set out in the fourth assignment of error; also in the third assignment, in giving binding instructions for the plaintiff.  The assignments are sustained.  The judgment of the court below is reversed and a venire facias de novo awarded.