# Smith, deMacedo & Co. v. Swift & Co., Appellant.

*Contracts—Sale—Resale by vendee—Damages—Market condition—Evidence—Objection—Motion to strike out.*

1. Where goods do not meet the specifications of a contract of sale, and the vendee's customer in a foreign country declines to accept them, and, with the concurrence of the sellers, the shipment is directed to be sold for the best price obtainable, it becomes the duty of the vendee, through his agent, to exercise good faith, reasonable judgment, and diligence in making a resale.

2. If he fails to do this, and the vendor sustains a loss thereby, the vendee cannot enforce the rule that the damages would be the difference between the value of the goods at the time of delivery and the value they would have had if they had answered the warranty at the time and place of delivery.

3. In such case, there was evidence to show the necessity for a resale, that owing to the lack of shipping facilities, the goods could not be sold elsewhere than at a certain foreign port, 'and that the sale took place through an experienced broker for the best price obtainable. This evidence was objected to on the sole ground that the witness had no knowledge of the market condition:

*Held,* (a) That the objection was not well taken, as the price obtained through a fair sale would establish the market condition

for that sale, and certainly would be the best price obtainable as agreed upon by the parties.

(b) That the court committed no error in refusing to strike out the evidence.

Argued March 22, 1920. Appeal, No. 202, Jan. T., 1920, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1917, No. 2516, on verdict for plaintiff in case of Smith, deMacedo & Co., Inc., v. Swift & Co. Before BROWN, C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit to recover damages for loss by reason of an alleged misrepresentation on the part of defendants' agent on a sale of merchandise. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,666.01. Defendant appealed.

*Errors assigned* were receiving evidence as to resale of goods, refusal to strike it out, and refusal of new trial.

*Alfred T. Steinmetz,* with him *George Wentworth Carr,* for appellants, cited, as to the question of damages: Guillon v. Earnshaw, 169 Pa. 463; Woldert Grocery Co. v. Wilkinson, 39 Pa. Superior Ct. 100; Hooper v. Bromley Bros. Carpet Co., 11 Pa. Superior Ct. 635; McCallister v. Sappingfield, 144 Pac. 635.

*Edward M. Biddle,* for appellee, cited, as to damages: Samuel v. Delaware River Steel Co., 69 Pa. Superior Ct. 605.

OPINION BY MR. JUSTICE KEPHART, May 3, 1920:

Appellant sold to appellee 34 tons of oleo-stearine, an article represented to be suitable for the same uses and to comply with the specifications set forth, for stearic acid. It was to be resold and shipped to Portugal. Upon arrival there it was found the commodity did

not conform to the specifications and appellee's customer declined to accept the shipment. With concurrence of appellant, the shipment was directed to be sold for the best price obtainable. It became the duty of the vendee, through his agent, to exercise good faith, reasonable judgment and diligence in making a resale. If he failed to do this and the vendor sustained a loss thereby, the vendee cannot enforce the rule that the damages would be the difference between the value of the goods at the time of delivery and the value they would have had if they had answered the warranty at the time and place of delivery. See Sales Act of May 19, 1915, P. L. 543, sec. 69; Samuel v. Delaware River Steel Co., 69 Pa. Superior Ct. 605, 611; Note 42, L. R. A. (N. S.) 669, 690.

There was evidence to show the necessity for the resale and that, owing to the lack of shipping facilities, the article could not be sold elsewhere than in Lisbon. The sale took place through an experienced broker for the very best price obtainable. This evidence was not objected to because it did not show good faith or that the circumstances under which the sale was made were not calculated to produce the best price obtainable or to procure the best market price, nor for the reason that the evidence was but the opinion of the witness, or because it did not appear that appellee used reasonable efforts to secure the best price obtainable. It was objected to because the witness had no knowledge of the market condition. This objection was not well taken as the price obtained through a fair sale would establish a market condition for that sale, and certainly would be the best price obtainable as agreed upon by the parties. When the sale is unfair and damage results because the sale is below the market price, this latter price becomes important in establishing the vendor's loss.

There is no evidence here that the price brought was below the market value. The evidence, on the objection as made, was competent to establish a resale price, and

defendant did not object to this method of proving appellee's basis for loss, if he deemed it improper. Indeed, the agreement fixed the standard at the best price obtainable. The motion to strike out the evidence was properly denied under Forster v. Rogers Bros., 247 Pa. 54, 62, and the court below fairly submitted to the jury the question of false representation. It was for the jury to pass upon.

There was no abuse of discretion in refusing a new trial.

Judgment affirmed.