## Kowalewski *v.* Markowski, Appellant.

*Slander—Words imputing the want of chastity given in a foreign language—Amending the statement of claims—Extent of damages.*

In an action of slander it appeared that the slanderous words, imputing the want of chastity to the plaintiff, were made in a foreign language and in the présence of a third party. In the statement as originally filed the words were laid in the third person and in English. The statement was amended giving the words in the second person and in a foreign language with their alleged English equivalent. There was testimony that they were so uttered and understood. Under such circumstances it was not error to permit the amendment of the statement of claim.

*Practice C. P.—Pleadings—Case at issue.*

The Superior Court will not reverse for want of a plea after a trial on the merits.

*Amending statement of claims after the statute of limitations has run.*

An amendment introducing a new cause of action will not be permitted after the statute of limitation has run in favor of the defendant; but if the amendment is merely a restatement of substantially the same cause of action, though in a different form, the variance in form will not prevent the amendment.

Argued April 28, 1925. Appeal No. 131, April T., 1924, by defendant from judgment of C. P. Allegheny County, April T., 1922, No 2390, in the case of Rose Kowalewski v. Alexander Markowski. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for damages for slander. Before HAY-MAKER, J.

The opinion of the Superior Court states the case.

Verdict for the plaintiff in the sum of $500. Subsequently the court reduced the verdict to $250 and entered judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in permitting the plaintiff to amend her statement of claim and in refusal of defendant's motion for judgment non obstante veredicto.

*L. J. Korpanty,* for appellant.—Words which constitute an offense must be set out exactly in the complaint and declaration: Young v. Geiske, 209 Pa. 515-519; Jaggard on Torts, p. 551; Johnston v. Tait, 6 Binney, 121.

It is necessary to prove that the translation is correct: Yundt v. Yundt, 12 S. & R. 427; Romano v. De Vito, 191 Mass. 457; Newell Libel & Slander, 4th Ed., 774-348.

In an action of slander a declaration stating the words to have been spoken in the third person is not supported by evidence of words spoken in the second person: 25 Cyc. 486; McConnell v. McCoy, 7 S. & R. 223.

*William H. Pratt* for appellee.—Neither of the amendments changed the form of action and are not objectionable: Stoner v. Erisman, 206 Pa. 600.

It is too late to raise an objection after the case had gone to trial when defendant had not filed a plea: Noble v. Erwin, 50 Pa. Superior Ct. 72; Barker v. McCreary, 66 Pa. 162.

Words were actionable per se: Drebin v. Jewish World Publishing Company, 262 Pa. 169; Burke v. Keppel, 49 Pa. Superior Court 590; Klumph v. Dunn, 66 Pa. 141.

Words were clear enough: Wisa v. Lewandowski, 19 W. N. C. 158.

Slander, accompanied by a tortious act arising out of slander, is joinable therewith: Miles v. Oldfield, 4 Yates 423.

OPINION BY LINN, J., July 9, 1925:

This appeal is from judgment on a verdict in an action of slander. The words, uttered in the presence of another, imputed want of chastity to the plaintiff. In the statement of claim as originally filed, the words complained of were laid in the third person and in

English.    That statement was amended, giving the words in the second person and in a foreign language with their alleged English equivalent. ;There |was testimony that they were so uttered and understood. The case was submitted to the jury in a charge of which the appellant does not complain. The verdict established the facts as alleged by plaintiff.

Appellant complains that the amendment was permitted after the statute of limitations had run: Stoner v. Erisman, 206 Pa. 600, is against him. He also complains that a verdict was not directed for him; the dispute in the facts had to be settled by the jury. He also relies on the fact that the case was not at issue when it was tried, because he had filed no plea; in Noble v. Erwin, 50 Pa. Superior Ct. 72, we held that it was too late to raise that objection after going to trial.

Judgment affirmed.