# Fowler Waste Manufacturing Company *v.* Otto Gas Engine Works, Appellant.

*Appeals—Assignments of error—Evidence—Reference to page of paper-book—Charge—Points—Exceptions.*

1. An assignment of error to a ruling on evidence will not be considered where the assignment does not contain a reference to the page of the paper-book where the matter complained of may be found in the printed evidence.

2. Assignments of error to the charge of the court and answers to points will not be considered where the record shows no exceptions taken at the trial either to the charge or the answers to points.

*Contract—Warranty—Damages—Measure of damages.*

3. In an action to recover damages for a breach of a warranty in the sale of an engine, where it appears that the plaintiff paid for the engine and used it for more than two years, the measure of damages is the difference between the value of the engine as warranted and the real value of that which was furnished and there can be no recovery for loss of profits in plaintiff's business resulting from inefficiency of operation of the engine.

4. In such a case it is reversible error for the trial judge to permit the plaintiff's counsel to send out to the jury a statement and calculation of the amount of the verdict to which he thought the plaintiff was entitled, where there is nothing in the evidence to support the calculation or indicate the actual value of the engine furnished. The fact that the judge instructed the jury that they should not regard the statement as evidence but as "merely the counsel's argument," does not overcome the effect of the error.

Argued Jan. 20, 1910. Appeal, No. 237, Jan. T., 1909, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1907, No. 4,205, on verdict for plaintiff in case of Fowler Waste Manufacturing Company *v.* Otto Gas Engine Works. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit for breach of warranty. Before WILLSON, P. J.

At the trial it appeared that in 1903, the defendant sold to the plaintiff a gas engine for $5,350. The plaintiff paid the whole of the purchase money, and kept and used the machine

for two years. The present action was brought for the breach of a warranty in the sale of the engine.

The defendant presented this point:

4. That the plaintiff in the statement of claim filed in this case having made no claim as an item of damage for the difference in the value of the engine and producer which were to be delivered, and the value of the engine and producer actually delivered, it cannot recover such difference even if you should find that the engine and producer delivered were not of the value of the engine and producer contracted for. *Answer:* I decline that point. [5]

Plaintiff's counsel proposed to send a statement out with the jury.

Mr. Carr: I object to the statement being sent out by plaintiff's counsel. I think the jury should make the calculation for themselves.

Mr. Scott: Every item is according to the figures except the item of $2,500 for the difference between an engine such as we received and the other. In my speech to the jury I told them very clearly that we had fixed at that.

The Court (to Mr. Carr): You can send out your own statement if you desire.

Mr. Carr: I have no statement, I will have to insist on my objection.

The Court: I will allow the statement to go out.

Exception noted for defendant by direction of the court. [9]

The Court: Gentlemen of the jury, there will be handed to you by counsel for the plaintiff a statement setting forth the figures which constitute the claim which the plaintiff makes. That is not evidence. It is merely the counsel's argument. You may believe that there is something in it or you may believe there is nothing in it. It is merely for the purpose of stating to you what the claim is. You must pass your own judgment on the case and reach your own conclusion in regard to what your verdict should be, whether for the plaintiff or for the defendant, and if it be for the plaintiff, for how much.

Verdict and judgment for plaintiff for $3,745.42. Defendant appealed.

*Errors assigned* among others were (5) answer to defendant's point, and (9) ruling as to the statement sent out with the jury.

*John G. Johnson*, with him *George Wentworth Carr*, for appellant.—Plaintiff was not entitled to recover at all under the pleadings in the case: Morgan v. McKee, 77 Pa. 228; Davis v. Stuard, 99 Pa. 295; Leaming v. Wise, 73 Pa. 173; Bascom v. Stove' Mfg. Co., 182 Pa. 427; Louis Warner Saw Mill Co. v. Ferree, 201 Pa. 405; Tate Bros. v. Eshler, 11 Pa. Superior Ct. 224; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Blair v. Ford China Co., 26 Pa. Superior Ct. 374; Hilliard v. Wood Carving Co., 173 Pa. 1; Brown v. Foster, 108 N. Y. 387.

If plaintiff was entitled to recover at all, the measure of damages fixed by the learned trial judge was erroneous: Hines v. Kiehl, 154 Pa. 190.

*Henry J. Scott*, with him *Albert W. Sanson*, for appellee.

OPINION BY MR. JUSTICE POTTER, February 21, 1910:

The defendant in this case sold to the plaintiff a gas engine, warranted to develop under certain conditions a specified amount of power. Plaintiff received, used and paid for the engine, but claimed that it never worked in a satisfactory manner, and that it would not under any circumstances produce the stipulated amount of power. This action was brought to recover the damages resulting from the alleged breach of the warranty. The trial resulted in a verdict for the plaintiff for $3,745.42, and from the judgment entered upon this verdict, the defendant has appealed. Nine assignments of error have been filed. The first specification violates rule 31, as it does not contain. a reference to the page of the paper-book where the matter complained of may be found in the printed evidence. This assignment must therefore be dismissed: Downey Bros. v. Penna. R. R. Co., 219 Pa. 32. The second, third and fourth assignments are to the charge of the court, and the sixth and seventh complain of answers to points submitted by defendant. The record shows no exception taken

at the trial, either to the charge, or to the answers to the particular points referred to in these assignments. For this reason they cannot be considered: Sibley v. Robertson, 212 Pa. 24; McConnell v. Penna. R. R. Co., 206 Pa. 370. Counsel recognized the force and effect of the rule at the argument, and did not press the assignments in question.

Defendant's fourth point recited that in plaintiff's statement no claim had been made, as an item of damages, for the difference in value between the engine delivered and that which was purchased; and as defendant maintained that under the evidence this was the only proper measure of damages, it was contended that no recovery could be had. The refusal of the fourth point is made the subject of the fifth assignment of error. It is true that plaintiff's statement of claim does not plainly define the cause of action, and does not make it clear whether the plaintiff intended to rescind the contract, or to claim in affirmance thereof. But as the fourth point presented by defendant asks for binding instructions in its favor, it was not error to refuse it. If there was a breach of its warranty, the defendant was bound to respond in damages to the plaintiff to the amount of the difference in value between the engine furnished, and that which it contracted to supply. As the trial judge states in his charge, the evidence shows no attempt upon the part of the plaintiff to rescind the contract. Its whole course of action showed a positive affirmance or ratification of the contract. It kept the engine, and used it more than two years, and is therefore only entitled to recover the damages arising from the breach of the warranty. Under such circumstances, the measure of damages is the difference between the value of the article as warranted, and the real value of that which was furnished: Seigworth v. Leffel, 76 Pa. 476; Himes v. Kiehl, 154 Pa. 190. The learned trial judge evidently had this rule in mind, for he said to the jury, "The most that the plaintiff can recover upon the element of price, if it is entitled to recover damages in this case, would be the difference between the contract price, and what was the value of the machine, such as it was." But he did not stop with this, and in another part of his charge, he permitted the jury to

take into consideration as part of the damages, the alleged loss of productive power in the factory, owing to the decrease in the power of the engine. This could mean nothing less than loss of profits in the business, and would be too remote and uncertain an element for proper consideration by the jury, in estimating the damages.

Counsel for appellant further allege, in the ninth assignment, that the trial judge erred in permitting plaintiff's counsel, against objection, to send out with the jury a statement and calculation prepared by counsel, for the purpose of indicating to the jury, the amount of the verdict to which he thought the plaintiff was entitled. The record does not show what the statement contained, except as to one item of $2,500 for the difference between the value of the engine received, and another. We do not find anything in the evidence to support this estimate, or indicate the actual value of the engine and producer which was furnished. The point raised by this assignment seems to fall directly within the ruling in Himes v. Kiehl, 154 Pa. 190. The cause of action there was similar to the one before us now, and it was there held that the measure of damages was (p. 196): "The difference between the actual value of the engine as it was at the time of the sale and its value if it had been as warranted." The trial judge in that case permitted a statement to be sent out with the jury which contained the following: "Difference between actual value and guaranteed value—$150." This action by the court was held to be error, and it was pointed out that the matter in dispute was not represented by any fixed sum, but was essentially a matter to be determined under all the evidence, and by the jury alone. So in the present case, the claim being for unliquidated damages, the fixing of the amount was a question peculiarly appropriate for the judgment of the jury, under the evidence. In Quinn v. Transit Co., 224 Pa. 162, we said (p. 165): "It is error for counsel to state to the jury the amount of damages claimed in the declaration. The damages are to be ascertained by the jury from the evidence, and are not to be determined by any estimate of counsel not based on the evidence. Any suggestion to the jury of the arbitrary amount

in which the damages are laid, in the declaration, is highly improper: Reese v. Hershey, 163 Pa. 253." It must be manifest that it would be equally injurious for counsel to hand to the jury a written statement, as was done in this case, containing at least one large item which was merely his own estimate of the amount of the damages sustained by his client in that particular, but which was not supported specifically by the evidence. Counsel for appellee in his argument suggests that the $2,500 item was excluded from the statement; but if it was, the record fails to show it. Rather does it appear that the entire statement including this item, was sent out with the jury, with the instruction from the trial judge that the jury were not to regard the statement as evidence, but as "merely the counsel's argument." We do not regard this as sufficient to cure the mistake, or to overcome the effect of the error.

The judgment is reversed with a venire facias de novo.