# York Manufacturing Co., Appellant, v. Chelten Ice Mfg. Co.

*Contract—Performance—Counterclaim — Payments — Renewal notes—Case for jury—Evidence—Declarations of agent—Res gestæ —Measure of damages.*

1. In an action to recover a balance alleged to be due on an ice plant sold and delivered, where defendant offers evidence tending to show that the plant was defective, that plaintiff had not been able to remedy its defects, and that it never conformed to the requirements of the contract, and sets up a counterclaim for breach of contract, the case, on conflicting evidence, is for the jury.

2. In such case it is competent for defendant to show what possession plaintiff had of the plant, what work it did thereon, that the machine was generally out of repair, and that it failed to produce the guaranteed amount of ice.

3. Declarations and statements by plaintiff's agent in charge of the work of repairs made in connection with his work are admissible, in such case, as part of the res gestæ.

4. If defendant has retained the plant on its premises, the measure of damages is the difference between the value of the machinery contracted for and as actually furnished.

4. The rule that one who gives a renewal note with knowledge of the failure of consideration for the original note, waives such defense, does not apply where the original note was given in part payment for a machine which was defective, when the renewal note was given, and was being repaired by the payee of the note, without any certainty on the part of the maker of the note that the machine would not be brought up to the contract requirements.

*Appeals—Assignments of error—More than one bill of exceptions —Court Rule 22.*

6. Exceptions to admission of evidence of two witnesses cannot be joined in one assignment of error. It ,violates Court Rule 22.

Argued September 27, 1923. Appeal, No. 44, Jan. T., 1924, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1919, No. 988, on verdict for defendant, in case of York Manufacturing Co. v. Chelten Ice Manufacturing Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER. Affirmed.

Assumpsit for balance on contract. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were, inter alia, various rulings on evidence, and refusal of judgment for plaintiff n. o. v., quoting record.

*Henry C. Niles,* with him *W. W. Smithers,* for appellant.—A subordinate employee is without power to make a new contract or waive the provisions of an old one outside of the scope of his employment without express authority which must be duly proved: Mange-Wiener Co. v. Drug Co., 27 Pa. 315.

Where the contract provides that notice of defects shall be given within a certain time, such notice is a

condition precedent to any liability of the seller for alleged failure of performance: Hickman v. Shimp, 109 Pa. 16.

Any defense good against the original notes which was known to defendant, or might have been known by inquiry, when the renewal notes in suit were executed, cannot be set up against the renewal notes: Longacre v. Robinson, 274 Pa. 35; Hitchner Wall Paper and Paint Co. v. Shoemaker, 75 Pa. Superior Ct. 520.

*Robert P. Shick,* with him *Charles S. Wesley* and *J. Wesley McWilliams,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

The York Manufacturing Company, plaintiff, brought this suit against the Chelten Ice Manufacturing Company, defendant, to recover $29,700, with interest, on six promissory notes given by defendant to plaintiff on divers days from April 24 to June 20, 1919, inclusive. Defendant interposed a counterclaim for a much larger sum and the trial resulted in a general verdict in its favor; from judgment entered thereon plaintiff brought this appeal.

The parties are corporations, plaintiff being located at York and defendant at Philadelphia, and, in April, 1915, plaintiff by written contract undertook to construct and equip for defendant a plant for the making of ice, which was to be completed on or about June 23d of that year. The contract says, inter alia: "The York Manufacturing Company guarantees that the above freezing system (Can System Nos. 1 and 2) under test will have an ice-making capacity of 75 tons of ice per day of 24 hours with the water entering the cans at 40° or less, when properly and continuously operated." Plaintiff also therein guaranteed the workmanship and material for one year. The contract further stipulates that, "If for a period of thirty days after the machinery, apparatus or plant, furnished hereunder, is erected ready to charge,

the purchaser shall fail to notify the York Manufacturing Company in writing of any claim that the said machinery, apparatus or plant, as furnished, does not fulfill the terms and requirements of the contract, specifying in what particular or particulars it fails, this shall, in itself be considered an acknowledgment by the purchaser that the said machinery, apparatus or plant, as furnished, does fulfill the said terms and requirements, and shall constitute a complete acceptance of the same as fulfilling all the terms and requirements of the contract," and states that in case of such written notice plaintiff shall have a reasonable time to remedy the defects and that "the time consumed by the York Manufacturing Company in remedying such defects or deficiencies shall correspondingly postpone the deferred payments to be made for such machinery, apparatus or plant." The agreed consideration of $56,200 was paid in part by defendant's promissory notes, first given in 1915 and renewed from time to time thereafter; five of the notes in suit being the last renewals of a like number of the original notes, while the other note here in suit is the last renewal of one given for money loaned.

During the years 1915 and 1916 certain disputes arose between the parties with reference to the plant, its operation, etc., to adjust which the parties, in September, 1916, entered into a new written contract, reciting that, "Whereas the party of the first part [the plaintiff] furnished and installed the said machinery and apparatus, but not within the time prescribed therefor, and the said machinery and apparatus has not come up to the requirements of the contract in all respects, and the responsibility for said failures as well as for divers other controversies is in dispute between the parties hereto," and stipulating, inter alia, that, "The party of the first part agrees, during the coming fall, winter and spring, to make such repairs, changes and additions to the said machinery and apparatus as may be necessary and proper to make the said machinery and apparatus

comply with the requirements of the said contract, and to continue to grant renewals of the notes, given in settlement therefor, so as to make them finally due and payable as follows" (giving a statement of the amounts and due dates), also stipulating that, "The party of the second part [the defendant] agrees and does hereby release the party of the first part of and from all other liability under or in connection with the said contract and settlement than as set forth under the preceding paragraph of this agreement." During the winter and spring of 1917 plaintiff made repairs and changes to the plant in an effort to comply with the original contract, and, on May 3d of that year, wrote defendant averring a compliance with the contract and asking if there was anything further to be done. Two days later defendant replied expressing, in effect, its inability at that time to state what, if anything further, was to be done, and calling attention to two alleged defects. Other correspondence followed and plaintiff continued from time to time to make changes and repairs to the machinery until August, 1919, when defendant finally refused to accept the plant as a fulfillment of the contract. Thereupon plaintiff brought this suit on the renewal notes as above stated, and the counterclaim set up damages for alleged breach of the contract, it being defendant's contention that the ice machine was a failure, that it would not make on the average one-half of the guaranteed amount of ice, that it was generally out of repair and that plaintiff, although making extensive changes, etc., during a period of years failed to make the machine function properly or as guaranteed. Plaintiff, in the main, denied these contentions and averred that the faults complained of resulted from defendant's incompetent and negligent operation, and further that the latter's conduct amounted to an acceptance of the plant.

Assuming, as we must, the truth of defendant's evidence and all favorable inferences deducible therefrom (Mitchell v. City of New Castle, 275 Pa. 426), the case

was for the jury, and the record discloses no reversible error. True, plaintiff's evidence is, that during a test period of nearly two weeks in May, 1917, the guaranteed production of ice was made; but defendant denies it was a test period and says, in effect, that thereafter the machine failed to make anything like such production; so the question as to whether the machine met that guarantee was one of fact.

Assuming, but not deciding, that the above-mentioned thirty-day clause of the old contract remained in force under the new contract, it cannot be held as matter of law that defendant was thereby precluded from interposing the counterclaim in question, for, as above stated, when told the machine was ready for use, it gave prompt written notice of certain defects. Furthermore, plaintiff made extensive repairs and alterations to the machinery, etc., at its own expense, from time to time until August, 1919, and thereby justified a finding that it had waived any claim of full performance prior to that date. In this respect the case differs from those cited on its behalf. Plaintiff urges that it made such changes and repairs because of its interest in the plant, as creditor and stockholder, but no such claim was made while the work was in progress, and that was at most a matter for the jury. Defendant never expressly accepted the plant, and, under the facts above stated, it cannot be held as matter of law that there was an implied acceptance. Hence, plaintiff's request for binding instructions was properly refused.

It was competent for defendant to show what possession plaintiff had of the plant and the work it did thereon down to August, 1919, also that the machine was generally out of repair and failed to produce the guaranteed amount of ice. Such proof tended to support the counterclaim and could not be excluded. The assignment of error (No. 1) relating to its admission embraces seventy-four printed pages of testimony, including that of two witnesses, also certain correspondence and numerous

bills of exceptions.   This violates our Court Rule 22 that: "Each error relied on must be specified particularly and by itself.   If a specification embraces more than one point, or refers to more than one bill of exceptions, or raises more than one distinct question, it may be disregarded."

Early in 1919 plaintiff placed a Mr. Keyser in charge of the work of making changes and repairs to the plant in question, and declarations made by him, in connection with this work, were properly admitted in evidence on part of defendant.   In the language of Judge SHARS-WOOD, in Penna. Railroad v. Books, 57 Pa. 339, 343: "The rule is well settled, that what an agent says while acting within the scope of his authority, is admissible against the principal, as part of the res gestæ, but not statements or representations made by him at any other time."   To like import are Matteson v. N. Y. Cent., etc., R. R. Co., 218 Pa. 527; Baker v. Gas Co., 157 Pa. 593; Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449; Rothwell v. California Boro., 21 Pa. Superior Ct. 234; Mellick v. R. R. Co., 17 Pa. Superior Ct. 13 (reversed on other grounds in 203 Pa. 457) ; Henry's Trial Evidence, sec. 76.   Moreover, the declarations of the witness in the instant case were as to the plant and did not involve the making or waiving of any contract.

Defendant still has the machinery placed upon its premises, hence, if entitled to damages, the proper measure thereof is the difference between the value of the machinery as contracted for and as actually furnished (Otis Elevator Co. v. Flanders Realty Co., 244 Pa. 186; Mack v. Slateman, 21 Fed. 109), and the trial judge so held.

Plaintiff's six requests were properly refused, as each calls for binding instructions.

The rule, that one who gives a renewal note with knowledge of the failure of consideration for the original waives such defense, cannot be applied here, for when the notes in suit were given, plaintiff had machinists work-

ing on the plant to bring it up to contract requirements and it could not then be known that they would fail. At least the court could not say as matter of law that, when giving the renewal notes, defendant knew or should have known that plaintiff's efforts to remedy the defects in the machinery would prove abortive.

The assignments of error are overruled and the judgment is affirmed.