## Ross et al. *v.* C. & S. Coal & Clay Company, Appellant.

Argued May 23, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused November 27, 1944.

*Ward McCullough* and *H. A. Heilman,* with them *Minnie E. Spero,* for appellant.

*J. Campbell Brandon,* with him *W. D. Brandon,* of *Brandon & Brandon,* for appellees.

OPINION BY MR. JUSTICE HUGHES, September 25, 1944:

This is an action of assumpsit for breach of warranty. The plaintiffs were in the coal-stripping business and purchased from the defendant one rebuilt and guaranteed second-hand shovel for $40,000.00. In accordance with Clause (b), Section 1390.11, of the maximum price regulation No. 136 of the Office of Price Administration, "A rebuilt and guaranteed machine or part is one in which all worn or missing components which should be replaced or repaired for satisfactory operation, if any, have been replaced or repaired, and which carries a binding guaranty of satisfactory operation for a period of not less than sixty days, and which is expressly invoiced as a rebuilt and guaranteed machine or part or its equivalent." The shovel was received by the plaintiffs

on November 16, 1942, and placed on the job for operation. At that time the plaintiffs found that the shovel was not reconditioned or rebuilt, but that many of the parts were worn, broken, and unfit for use. On December 4, 1942, the plaintiffs notified the defendant of these conditions, claiming damages for repair and replacement, and further stating that due to the poor mechanical condition of the shovel it was unfit to do the work for which it was intended, and asked compensation for the loss which they had sustained. The jury returned a verdict for the plaintiffs in the amount of $15,000.00. The verdict of the jury sustained the plaintiffs' contention that the warranty had been breached and that the shovel was not a rebuilt machine or its equivalent. The verdict also determined that the shovel fell in the classification of a second-hand shovel, the highest selling price of which had been fixed by the Office of Price Administration at $25,000.00, and awarded $15,000.00, the difference between the sale price and the ceiling price of a rebuilt shovel of this type, which is fixed by the Office of Price Administration at $40,000.00.

The Office of Price Administration is a duly authorized government agency which, during the time the United States is engaged in war, has the duty to issue rules and regulations covering the price that can be charged for all kinds of machinery and other materials in the United States to prevent excessive prices being asked and to prevent inflation. During the period for which it has a fixed price on machinery, and regulates the classification of it, no machine in that class can be sold for a higher price than that fixed by this agency of the government; and that period existed at the time of the sale and the trial, and continues up through the present time.

The appellant contends that the court did not submit the proper measure of damages to the jury. In submitting the measure of damages, the learned trial judge stated: "That measure of damages fixed by the rules of

the OPA is that if the evidence in the case convinces you it was a second-hand used machine, the highest price you could fix under this evidence for that as a used machine was $25,000.00. The measure of damages would be the difference between the $25,000.00 and $40,000.00 paid, a verdict in favor of the plaintiff for that difference of $15,000.00. That is the selling [ceiling] price fixed by the OPA. Lawfully they could not charge more than that for a second-hand machine, but if, after a consideration of all the evidence in the case, the jury finds that the machine as delivered, find from the evidence in the case, that the value of the machine was not $25,000.00 in the market in the condition it was then at the time it was delivered was not $25,000.00, you will have to determine from the evidence what that was,— what its market value was at the time it was delivered, and the sum you so find and the difference between that sum and this $40,000.00 would be the measure of damages that the plaintiffs would be entitled to have a verdict for in this particular case." In *Fowler Waste Manufacturing Company v. Otto Gas Engine Works,* 227 Pa. 314, 317, 76 A. 20, it was stated: "If there was a breach of its warranty, the defendant was bound to respond in damages to the plaintiff to the amount of the difference in value between the engine furnished, and that which it contracted to supply. . . . It kept the engine, and used it more than two years, and is therefore only entitled to recover the damages arising from the breach of the warranty. Under such circumstances, the measure of damages is the difference between the value of the article as warranted, and the real value of that which was furnished: *Seigworth v. Leffel,* 76 Pa. 476; *Himes v. Kiehl,* 154 Pa. 190"; and in *Parsons Trading Co. v. Dohan et al.,* 312 Pa. 464, 469, 167 A. 310, we said: "By section 69 of the Sales Act of May 19, 1915, P. L. 543 [69 PS §314, page 253], it is provided that in the case of breach of warranty of quality, the buyer's loss,

in the absence of special circumstances showing proximate damage of greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty. It is apparent, therefore, that in a case such as this, where the injury complained of is that the goods delivered were not as warranted, the general, or usual and ordinary, damages are measured by the difference between the value of the goods delivered and the value they would have had if they had been as warranted. This is exactly what was proved." In our case the court properly submitted for the determination of the jury the correct measure of damages. There was nothing confusing in the charge, as claimed by the appellant, concerning the warranty, the breach of which the jury had to pass upon.

This warranty carried "a binding guaranty of satisfactory operation for not less than sixty days." The appellant contends that since the issue submitted to the jury was whether this was a rebuilt or second-hand machine under the rules and regulations of the Office of Price Administration, it was error to admit testimony as to the condition of the machine more than four months subsequent to the date of sale. An examination of the record shows that all such testimony went to the condition of the shovel at the time it was sold and prior thereto; that the Diesel engine "had not been rebuilt for a year or more"; that the axle "had an old break in it" which "could have been there for a year." Such testimony goes to the support of the plaintiffs' claim as to the condition of the shovel at the time of its sale and, being entirely directed to that date, it could not be excluded: *York Manufacturing Co. v. Chelten Ice Mfg. Co.*, 278 Pa. 351, 356, 123 A. 327. The case was fairly submitted to the jury under an adequate charge and the judgment should be affirmed.

Judgment affirmed.