## BOWLES, Price Administrator, v. WASHINGTON COUNTY.

### Civil Action No. 3354.

District Court, W. D. Pennsylvania.

Jan. 23, 1945.

John A. Metz, Jr., of Pittsburgh, Pa., for plaintiff.

David H. Weiner, of Washington, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action by the Price Administrator against the County of Washington to compel that County by mandatory injunction to comply with the Emergency Price Control Act of 1942 and the Rent Regulations thereunder. Emergency Price Control Act of 1942, Pub. L. No. 421, 77th Congress, 2nd Sess., c. 26, 56 Stat. 23, 50 U.S.C.A. Appendix §§ 901–946, as supplemented and amended by the Stabilization Extension Act of 1944, Pub.L. No. 383, 50 U.S.C.A.Appendix §§ 901 et seq., 961 et seq.; Rent Regulation for Housing, 87 Fed.Reg. 7322, formerly Maximum Rent Regulation, Title 32, Chap. XI, Part 1388, Secs. 1388.1801 to 1388.1814 inclusive.

The complaint alleges that the County of Washington, as landlord, is renting approximately two hundred dwelling units or housing accommodations, for which, as a landlord, it receives rent from tenants for the occupancy thereof; that said County has failed and refused to file registration statements with the Area Rent Office, as required by the Rent Regulations for Housing with respect to all residence properties rented by it to tenants, or otherwise to comply with the requirements of said Rent Regulations for Housing.

By answer the defendant admits that it has not complied with said Rent Regulations, but avers it is not required so to do, because it acquired said properties so rented, at tax sale in accordance with the provisions of the tax laws of the Commonwealth of Pennsylvania, and is not therefore a landlord within the contemplation or meaning of the Regulations of the Acts of Congress referred to.

The plaintiff has moved for judgment on the pleadings.

We are of the opinion that this motion must be granted. In renting the proper-

ties which it acquired at tax sale, the County of Washington is in duty bound to comply with the Rent Regulations the same as any person who rents property.

■ The constitutionality of the Emergency Price Control Act of 1942, and the OPA Regulations issued thereunder, has been determined. See Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641. The Supreme Court of Pennsylvania is in accord. See Ross v. C. & S. Coal & Clay Co., 350 Pa. 548, 550, 39 A.2d 584.

By Section 7 of the Rent Regulations, every landlord of housing accommodations rented or offered for rent is required to file in triplicate a registration statement therefor, identifying each dwelling unit and specifying the maximum rent provided by the Rent Regulations. By Section 13(a)5 of the Regulations, the word "person" is defined as follows:

"5. 'Person' includes an individual, corporation, partnership, association, or other organized group of persons, or legal successor or representative of the foregoing, and includes the United States or any agency thereof, or any other Government, or any of its subdivisions, or any agency of the foregoing."

By Section 13(a)8, the word "landlord" is defined as follows:

"8. 'Landlord' includes an owner, lessor, sublessor, assignee, or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodations."

We therefore conclude that the County of Washington is a "landlord" within the meaning of these Regulations, and is required to file registration statements thereunder.

This view is supported by Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291, in which it was held that a State, upon engaging in business, became subject to a Federal tax on those dealing in intoxicating liquors, although States were not specifically mentioned in the taxing Act.

The same conclusion was reached in State of South Carolina v. United States, 199 U.S. 437, 26 S.Ct. 110, 50 L.Ed. 261, 4 Ann.Cas. 737.

In United States v. California, 297 U.S. 175. 185, 56 S.Ct. 421, 80 L.Ed. 567, it was held that a State, by engaging in interstate commerce by rail, subjected itself to the Commerce Power of Congress.

An order may be submitted for judgment for the plaintiff on the pleadings for a mandatory injunction requiring defendant to file registration statements of its rented properties, as prescribed by the Rent Regulations.